USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____7/7/2020_____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

IN RE EVOQUA WATER TECHNOLOGIES
CORP. SECURITIES LITIGATION

Civ. A. No. 1:18-cv-10320-AJN

---

**STIPULATION AND [PROPOSED] CONFIDENTIALITY ORDER**

**WHEREAS**, Lead Plaintiffs City of Omaha Police and Fire Retirement System and Louisiana Sheriffs' Pension & Relief Fund (together, the "Plaintiffs") and Defendants Evoqua Water Technologies Corp., Ronald C. Keating, Benedict J. Stas, Martin Lamb, Nick Bhambri, Gary Cappeline, Judd Gregg, Brian R. Hoesterey, Vinay Kumar, and Peter M. Wilver (together, the "Evoqua Defendants"); Defendants AEA Investors LP, AEA EWT Holdings LP, AEA EWT Holdings GP LLC, AEA Investors Fund V LP, AEA Investors Participant Fund V LP, AEA Investors QP Participant Fund V LP, AEA Investors Fund V-A LP, AEA Investors Fund V-B LP, AEA Investors PF V LLC, AEA Investors Partners V LP, and AEA Management (Cayman) Ltd. (together, the "AEA Defendants"); and Defendants Citigroup Global Markets Inc., Cowen and Company, LLC, Credit Suisse Securities (USA) LLC, Goldman Sachs & Co. LLC, J.P. Morgan Securities LLC, Morgan Stanley & Co. LLC, RBC Capital Markets, LLC, Robert W. Baird & Co. Incorporated, Raymond James & Associates, Inc., Stifel, Nicolaus & Company, Incorporated, and Wells Fargo Securities, LLC (together, the "Underwriter Defendants") (collectively, the "Parties" and individually, a "Party") have each sought formal and informal discovery from the other, and may seek discovery from non-parties, in relation to this litigation (the "Action");

**WHEREAS**, the Parties request that this Court issue a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure to protect the confidentiality of non-public and

competitively sensitive information that they may need to disclose in connection with discovery in this Action;

WHEREAS, the Parties agree to the following terms; and

WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this Action;

IT IS HEREBY ORDERED that any person subject to this Order – including, without limitation, the Parties, their representatives, agents, experts, and consultants; all non-parties providing discovery in this Action; and all other interested persons with actual or constructive notice of this Order – will adhere to the following terms:

I.   **Designation of Materials as Confidential or Highly Confidential**

1.     This Order applies to any document, information, or other tangible or intangible thing (collectively, "Discovery Material") that a person has designated as "Confidential" or "Highly Confidential" in accordance with the terms of this Order.  This Order applies to copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information or data containing, reflecting, or disclosing all or parts of designated documents.

2.     Any Party to this litigation and any non-party, as described in Paragraph 5, producing Discovery Material (the "Producing Party") shall have the right to designate as "Confidential," subject to this Order, any Discovery Material or portion of such Discovery Material that the Producing Party reasonably, and in good faith, believes contains:

   a.   non-public confidential research and competitively sensitive technical, marketing, financial, sales or other confidential business information;

   b.   sensitive non-public information concerning individuals or entities, including, but not limited to, social security numbers, home telephone

numbers and addresses, tax returns, and medical, credit, or banking information;

c.    information received in confidence, or pursuant to contractual non-disclosure obligations, from non-parties;

d.    information otherwise entitled to protection under Fed. R. Civ. P. 26(c)(1)(G);

e.    to the extent that production is permitted in accordance with the European General Data Protection Regulation (2016/679) ("GDPR"), any documentation containing "personal data" (as defined in Article 4(1) of the GDPR); or

f.    any other category of information this Court subsequently affords confidential status.

Such designated Discovery Materials are referred to as "Confidential Discovery Material."

3.    Any Producing Party may, as described in Paragraph 5, designate as "Highly Confidential," subject to this Order, any Discovery Material or portion of such Discovery Material that the Party reasonably, and in good faith, believes contains or reflects highly sensitive non-public commercial, proprietary, financial, business, or personal information.  The following non-exhaustive list sets forth examples of information that may be considered "Highly Confidential": (a) trade secrets or other proprietary technical or commercial information that the unauthorized disclosure of which would result in competitive, commercial, or financial harm to the Producing Party or its personnel, clients, or customers; (b) information related to negotiations with potential customers, investors, or partners, disclosure of which would be harmful to present or prospective business plans; (c) any non-public information that, if disclosed, could damage an

existing or potential business relationship; or (d) material that would not otherwise be adequately protected under the procedures set forth herein for Confidential Material.  Such designated Discovery Materials are referred to as "Highly Confidential Discovery Material."

4.    Discovery Material that is otherwise available through alternative public means or information that is in the public domain shall not be deemed or considered to be Confidential or Highly Confidential Discovery Material under this Order.

5.    A non-party from whom Discovery Material is sought by any Party may designate such materials as Confidential or Highly Confidential consistent with the terms of this Order. Under such circumstances, Discovery Material designated Confidential or Highly Confidential by any such non-party is assigned the same protections as Discovery Material designated Confidential or Highly Confidential by a Party, and all duties applicable to a Party shall apply to such non-party.  All obligations applicable to a Party receiving Confidential or Highly Confidential Discovery Material from another Party shall apply to any Party receiving Confidential or Highly Confidential Discovery Material from a non-party.

6.    With respect to the Confidential portion of any Discovery Material, other than deposition transcripts and exhibits, the Party producing the Confidential Discovery Material may designate a portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility.  With respect to the Highly Confidential portion of any Discovery Material, other than deposition transcripts and exhibits, the Party producing the Highly Confidential Discovery Material may designate a portion as "Highly Confidential" by stamping or otherwise clearly marking as "Highly Confidential" the protected portion in a manner that will not interfere with legibility or audibility.

7.      A Producing Party or non-party may designate deposition exhibits or portions of deposition transcripts as Confidential or Highly Confidential either by: (a) indicating on the record during the deposition that a question calls for Confidential or Highly Confidential Discovery Material, in which case the reporter shall mark the question and response as "Confidential" or "Highly Confidential"; or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential" or "Highly Confidential," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the designating Party.  During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Confidential.

8.      If at any time before trial a Party producing Discovery Material realizes that it should have designated as Confidential or Highly Confidential some portion(s) of Discovery Material that it previously produced without such a designation, the producing Party may so designate such material by apprising all prior recipients in writing and providing substitute copies of the Discovery Material in question that are marked to reflect the requested designation. Thereafter, all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential or Highly Confidential.

## II.    **Permissible Uses of Confidential Information**

9.      All Discovery Material shall be used by the receiving Party solely for purposes of the prosecution or defense of this Action, shall not be used by the receiving Party for any business, commercial, competitive, personal, or other purpose, and shall not be disclosed by the receiving

Party to anyone other than those set forth in Paragraph 10, unless and until the restrictions herein are removed either by written agreement of counsel for the Parties, or by order of the Court.

10. Except as required by law, no person subject to this Order, other than the Party producing the Discovery Material, may disclose any Confidential Discovery Material except to the following persons:

a. attorneys of record in this Action, other outside counsel to the Parties, relevant in-house counsel for the Parties, and employees of such attorneys, including secretarial staff, paralegals, and duplicating and data processing personnel, to whom it is necessary that Discovery Material be shown for purposes of this Action;

b. outside experts or consultants retained by a Party or a Party's counsel in connection with this Action (hereinafter, "Qualified Persons"), provided such Qualified Persons have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

c. the Court and any appellate court and court personnel;

d. mediators and arbitrators and their staff, as engaged by the Parties or appointed by the Court;

e. actual or potential witnesses or deponents, and their counsel;

f. any person who created, sent, or received the Confidential Discovery Material and any person who had access to such material while employed by the Producing Party;

g. litigation support and electronic discovery vendors, temporary attorneys, copy services, data entry, and computer support services retained by or for

the Parties to assist in preparing for pretrial discovery, trial, and/or hearings, including, but not limited to: court reporters; litigation support personnel; jury consultants; individuals to prepare demonstrative and audiovisual aids for use in the courtroom, depositions, or mock jury sessions, as well as their staff; and stenographic and clerical employees whose duties and responsibilities require access to Confidential Discovery Material; and

h.   the Parties, including, in the case of Parties that are corporations or other business entities, those executives or other personnel who participate in decisions concerning this Action, and any insurance carriers, or their representatives, whose insurance coverage is implicated by or who are paying defense costs associated with this Action.

11.   Confidential Discovery Material shall be used only by individuals permitted access to it under Paragraph 10.  Confidential Discovery Material shall not be disclosed in any manner to any other individual, until and unless: (a) counsel for the Producing Party or non-party asserting confidentiality waives the claim of confidentiality; or (b) the Court orders such disclosure.

12.   Except as required by law, Highly Confidential Discovery Material shall be treated in the same manner as Confidential Discovery Material, except that it shall not be disclosed to executives or other personnel of the Parties (including in-house legal counsel for the Parties).

13.   Nothing in this Order shall prevent a Producing Party from using its own Confidential or Highly Confidential Discovery Material in any way the Producing Party chooses. Notwithstanding a designation of Confidential or Highly Confidential, Discovery Material may be shown to a person the Parties reasonably believe would have seen or been aware of the material previously.

### III.   Challenges to Confidential Designations

14.   In the event that counsel for a Party deems it necessary to disclose any Confidential or Highly Confidential Discovery Material to any person not contemplated in Paragraph 10, that counsel shall make a request to counsel for the Producing Party in writing or on the record in a deposition or proceeding before the Court, and shall attempt to reach agreement regarding such disclosure.  If agreement cannot be reached, the Party seeking to make the disclosure of the Confidential or Highly Confidential Discovery Material may move the Court to rule as to whether such disclosure may be made and whether any restrictions or limitations should be placed on such disclosure.  No disclosure shall be made unless and until such motion is decided in favor of the movant.  Notwithstanding anything to the contrary in this Stipulation and Order, however, the Producing Party shall bear the burden of establishing the propriety of its designation of documents or information as Confidential or Highly Confidential.

15.   Any Party who objects to any designation of confidentiality may, at any time before trial, serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection.  If the Parties cannot reach agreement, counsel will address their dispute to the Court in accordance with Paragraph 2(C) of this Court's Individual Practices in Civil Cases. Failure to object to a designation, unless after commencement of trial, shall not be treated as a waiver of the objection or acquiescence of the designation.

16.   The inadvertent or unintentional disclosure of Confidential or Highly Confidential Discovery Material that should have been designated as Confidential or Highly Confidential, regardless of whether the Discovery Material was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a Producing Party's claim to confidentiality, either as to the specific information disclosed or as to any other Discovery Material concerning the same or

8

related subject matter.  Such inadvertent or unintentional disclosure may be rectified by a written notification provided within a reasonable time to counsel for all Parties and non-parties to whom the material was disclosed.  Such notification shall constitute a designation of the Discovery Material as Confidential or Highly Confidential under this Order.

17.     When the inadvertent or mistaken disclosure of Discovery Material protected by any claim of attorney-client or other privilege or work-product immunity is discovered by the producing Party and brought to the attention of the receiving Party, the receiving Party's treatment of such material shall be in accordance with Fed. R. Civ. P. 26(b)(5)(B) and F.R.E. 502(b), as appropriate.  Such inadvertent or mistaken disclosure of such information shall not by itself constitute a waiver by the producing Party of any claims of privilege or work-product immunity. However, nothing herein restricts the right of the receiving Party to challenge the producing Party's claim of privilege if appropriate after receiving notice of the inadvertent or mistaken disclosure. The Producing Party or non-party shall retain the burden of establishing the privileged or protected nature of any inadvertently disclosed information.

## IV.   **Miscellaneous**

18.     To the extent that any Confidential or Highly Confidential Discovery Material needs to be submitted to the Court, it must be submitted in accordance with Rule 4 of this Court's Individual Practices in Civil Cases.

19.     Nothing in this Order will prevent any Party from producing any Confidential or Highly Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before

any disclosure.  Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

20.    Each person who has access to Discovery Material designated as Confidential or Highly Confidential must take appropriate precautions to prevent the unauthorized or inadvertent disclosure of such material.

21.    Within 60 days of the final disposition of this Action – including all appeals – upon request of the Producing Party, all recipients of Confidential or Highly Confidential Discovery Material must either return such material, including all copies, to the producing Party or destroy such material, including all copies.  Notwithstanding this provision, the attorneys that the Parties have specifically retained for this Action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential or Highly Confidential Discovery Material.  Any such archival copies that contain or constitute Confidential or Highly Confidential Discovery Material remain subject to this Order.

22.    This Order does not govern the use of Confidential or Highly Confidential Discovery Material at trial.  Prior to trial, the Parties shall meet and confer on the use of Confidential and Highly Confidential Discovery Material at trial and shall address procedures governing such use in the proposed pre-trial order.

23.    Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of his, her, or its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

24.     This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential or Highly Confidential Discovery Material is produced or disclosed.

25.     This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

Dated: July 1, 2020

**BERNSTEIN LITOWITZ BERGER**                  **SCOTT+SCOTT**
**& GROSSMANN LLP**                            **ATTORNEYS AT LAW LLP**

 _/s/ Jeremy P. Robinson (w/ permission)_        _/s/ William C. Fredericks_____
Jeremy P. Robinson                             William C. Fredericks
Jai K. Chandrasekhar                           Donald A. Broggi
1251 Avenue of the Americas                    Randy Moonan
New York, NY 10020                             The Helmsley Building
Telephone: (212) 554-1400                      230 Park Avenue, 17th Floor
Facsimile:  (212) 554-1444                     New York, NY 10169
jeremy@blbglaw.com                             Telephone: (212) 223-6444
jai@blbglaw.com                                Facsimile:  (212) 223-6334
                                               wfredericks@scott-scott.com
                                               dbroggi@scott-scott.com
                                               rmoonan@scott-scott.com

*Co-Lead Counsel for Lead Plaintiffs and the Proposed Class*

Robert D. Klausner
Stuart A. Kaufman
**KLAUSNER, KAUFMAN, JENSEN**
**& LEVINSON, P.A.**
7080 Northwest 4th Street
Plantation, FL 33317
Telephone: (954) 916-1202
Facsimile:  (954) 916-1232
bob@robertdklausner.com
stu@robertdklausner.com

*Additional Counsel for Lead Plaintiff Louisiana Sheriffs' Pension & Relief Fund*

**FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP**

 */s/ Scott B. Luftglass (w/ permission)*
Scott B. Luftglass
Peter L. Simmons
Samuel P. Groner
One New York Plaza
New York, NY 10004
Telephone: (212) 859-8000
Facsimile:  (212) 859-4000
scott.luftglass@friedfrank.com
peter.simmons@friedfrank.com
samuel.groner@friedfrank.com

*Counsel for Defendants Evoqua Water Technologies Corp., Ronald C. Keating, Benedict J. Stas, Anthony Webster, Martin Lamb, Nick Bhambri, Gary Cappeline, Judd Gregg, Brian R. Hoesterey, Vinay Kumar, and Peter M. Wilver*

**SHEARMAN & STERLING LLP**

 */s/ Agnès Dunogué (w/ permission)*
Agnès Dunogué
599 Lexington Avenue
New York, NY 10022
Telephone: (212) 848-5257
Facsimile:  (646) 848-4000
agnes.dunogue@shearman.com

*Counsel for Defendants Citigroup Global Markets Inc., Cowen and Company, LLC, Credit Suisse Securities (USA) LLC, Goldman Sachs & Co. LLC, J.P. Morgan Securities LLC, Morgan Stanley & Co. LLC, Raymond James & Associates, Inc., RBC Capital Markets, LLC, Robert W. Baird & Co. Incorporated, Stifel, Nicolaus & Company, Incorporated, and Wells Fargo Securities, LLC*

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

 */s/ Audra J. Soloway (w/ permission)*
Audra J. Soloway
Brady M. Sullivan
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile:  (212) 757-3990
asoloway@paulweiss.com
bmsullivan@paulweiss.com

*Counsel for Defendants AEA Investors LP, AEA EWT Holdings LP, AEA EWT Holdings GP LLC, AEA Investors Fund V LP, AEA Investors Participant Fund V LP, AEA Investors QP Participant Fund V LP, AEA Investors Fund V-A LP, AEA Investors Fund V-B LP, AEA Investors PF V LLC, AEA Investors Partners V LP, and AEA Management (Cayman) Ltd.*

Dated: _____ July 7 _____, 2020

| Nothing in this Order affects the parties' obligation to comply with Rule 4 of the Court's Individual Practices in Civil Cases governing redactions and filing under seal, or with any of the Court's other Individual Practices as relevant. SO ORDERED. |

**SO ORDERED.**

_____

Alison J. Nathan
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE EVOQUA WATER TECHNOLOGIES
CORP. SECURITIES LITIGATION

Civ. A. No. 1:18-cv-10320-AJN

## NON-DISCLOSURE AGREEMENT

I, _____, acknowledge that I have read and understand the Protective Order entered in the above-captioned action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential or Highly Confidential. I agree that I will not disclose such Confidential or Highly Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation, I will return all discovery information to the Party or attorney from whom I received it.  By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

_____

Dated: