**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Master File No. 1:18-cv-10320-JPC

IN RE EVOQUA WATER TECHNOLOGIES
CORP. SECURITIES LITIGATION

# [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, a consolidated securities class action is pending in this Court entitled *In re Evoqua Water Technologies Corp. Securities Litigation*, Master File No. 1:18-cv-10320-JPC (the "Action");

WHEREAS, (a) Lead Plaintiffs Louisiana Sheriffs' Pension & Relief Fund and City of Omaha Police & Fire Retirement System ("Lead Plaintiffs"), and additional proposed class representative City of Hallandale Beach Police Officers' & Firefighters' Personnel Retirement Trust (together with Lead Plaintiffs, "Plaintiffs"), on behalf of themselves and the Settlement Class (defined below); and (b) the Defendants in this Action, consisting of (i) Evoqua Water Technologies Corporation ("Evoqua" or the "Company"); (ii) Ronald C. Keating, Benedict J. Stas, and Anthony Webster (the "Executive Defendants"); (iii) Martin Lamb, Nick Bhambri, Gary Cappeline, Judd Gregg, Brian Hoesterey, Vinay Kumar, and Peter M. Wilver (the "Director Defendants"); (iv) Credit Suisse (USA) LLC, J.P. Morgan Securities LLC, RBC Capital Markets, LLC, Citigroup Global Markets Inc., Goldman Sachs & Co. LLC, Morgan Stanley & Co. LLC, Robert W. Baird & Co. Incorporated, Raymond James & Associates, Inc., Stifel, Nicolaus & Company, Incorporated, Wells Fargo Securities, LLC, and Cowen and Company, LLC (the

"Underwriter Defendants"); and (v) AEA Investors LP and its affiliated entities named in the Complaint ("AEA Defendants" and collectively with Evoqua, the Executive Defendants, the Director Defendants, and the Underwriter Defendants, "Defendants") have determined to settle all claims asserted against Defendants in the Action and dismiss the Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated May 28, 2021 (the "Stipulation"), subject to the approval of this Court (the "Settlement");

WHEREAS, Plaintiffs have made a motion, pursuant to Rule 23(e)(1) of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation and allowing notice to Settlement Class Members as more fully described herein;

WHEREAS, the Court has read and considered: (a) Plaintiffs' motion for preliminary approval of the Settlement and authorization to send notice of the Settlement to the Settlement Class, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined in this Order, the capitalized terms herein shall have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1.    **Proposed Class Certification for Settlement Purposes** – The Parties have proposed the certification of the following Settlement Class pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure and solely for purposes of effectuating the proposed Settlement:  all persons or entities that purchased or otherwise acquired publicly traded Evoqua common stock during the period from November 1, 2017 through October 30, 2018, inclusive (the "Class Period") and were damaged thereby.  Excluded from the Settlement Class are (i) Defendants; (ii) any directors, Officers, partners, or members of any Defendant; (iii) members

of the Immediate Families of all natural persons who are excluded parties under (i) or (ii); (iv) the Affiliates of any Defendant; (v) any firm, trust, corporation, or other entity in which any Defendant or any other excluded person or entity has a majority ownership interest; and (vi) the legal representatives, heirs, successors, and assigns of any such excluded person or entity. For the avoidance of doubt, (i) the foregoing exclusions do not apply where the person or entity that is excluded from the Settlement Class (or the entity in which such person or entity has a majority ownership interest) acts as nominee, trustee, street name holder, fund manager, or in any other fiduciary capacity for persons or entities who otherwise would be entitled to be included in the Settlement Class, and (ii) any Investment Vehicle shall not be excluded from the Settlement Class. Also excluded from the Settlement Class are any persons and entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court.

2. **Class Findings** – The Court finds, pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, that it will likely be able to certify the Settlement Class for purposes of the proposed Settlement. Specifically, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met or will likely be met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over any individual questions; (c) the claims of Plaintiffs in the Action are typical of the claims of the Settlement Class; (d) Plaintiffs and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

3. The Court also finds, pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, that it will likely be able to certify Plaintiffs as Class Representatives for the Settlement

Class and appoint Lead Counsel as Class Counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

4. **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, and finds, pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely be able to finally approve the Settlement under Rule 23(e)(2) as being fair, reasonable, and adequate to the Settlement Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

5. **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement Hearing") on __November 1_____, 2021 at 11:00 a.m. Eastern time, either in person in Courtroom 12D of the United States District Court for the Southern District of New York, 500 Pearl Street, New York, NY 10007, or by telephone or videoconference (in the discretion of the Court), for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class, and should be finally approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants and extinguishing and releasing the Released Claims; (c) to determine whether the Settlement Class should be certified for purposes of the Settlement; (d) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (e) to determine whether the motion by Lead Counsel for attorneys' fees and Litigation Expenses should be approved; and (f) to consider and rule on any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Settlement Hearing shall be given to Settlement Class Members as set forth in paragraph 7 of this Order.

6.      The Court may adjourn the Settlement Hearing and modify any other dates set forth herein without further notice to the Settlement Class, and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class.  The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.  The Court may decide to hold the Settlement Hearing by telephone or video conference without further notice to the Settlement Class.  Any Settlement Class Member (or his, her, or its counsel) who wishes to appear at the Settlement Hearing should consult the Court's docket and/or the settlement website for any change in date, time, or format of the hearing.

7.      **<u>Retention of Claims Administrator and Manner of Giving Notice</u>** – Lead Counsel are hereby authorized to retain A.B. Data, Ltd. (the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below.  Notice of the Settlement and the Settlement Hearing shall be given by Lead Counsel as follows:

(a)      Evoqua shall use commercially reasonable efforts to have its stock transfer agent, at no cost to the Escrow Account, Lead Counsel, or the Claims Administrator, provide or cause to be provided to Lead Counsel or the Claims Administrator within ten (10) business days of the date of entry of this Order and in electronic format, security lists consisting of names, mailing addresses, and, if available, email addresses of persons and entities who or which acquired, owned, or disposed of Evoqua common stock during the Class Period, including purchasers of Evoqua common stock in the IPO and/or SPO.

(b)  not later than twenty (20) business days after the date of entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Claim Form, substantially in the forms attached as Exhibits 1 and 2, respectively (the "Notice Packet"), to be mailed by first-class mail or emailed to potential Settlement Class Members at the addresses set forth in the records provided or caused to be provided by Evoqua, or who otherwise may be identified through further reasonable effort;

(c)  contemporaneously with the mailing of the Notice Packet, the Claims Administrator shall cause copies of the Notice and the Claim Form to be posted on a website to be developed for the Settlement, from which copies of the Notice and Claim Form can be downloaded;

(d)  not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 3, to be published once in *Investor's Business Daily* and to be transmitted once over the *PR Newswire*; and

(e)  not later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

8.  **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Notice, the Claim Form, and the Summary Notice, attached  as Exhibits 1, 2, and 3, respectively, and (b) finds that the mailing and distribution of the Notice and Claim Form and the publication of the Summary Notice in the manner and form set forth in paragraph 7 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the

pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for attorneys' fees and Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 77z-1, 78u-4, as amended, and all other applicable law and rules. The date and time of the Settlement Hearing shall be included in the Notice and Summary Notice before they are mailed and published, respectively.

9. **Nominee Procedures** – Brokers and other nominees who purchased or otherwise acquired publicly traded Evoqua common stock during the Class Period for the benefit of another person or entity shall: (a) within ten (10) business days of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice Packet to forward to all such beneficial owners and within ten (10) business days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within ten (10) business days of receipt of the Notice, send a list of the names, mailing addresses, and, if available, email addresses, of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail or email the Notice Packet to such beneficial owners. Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in

compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

10. **CAFA Notice** – As provided in the Stipulation, Evoqua, on behalf of all Defendants, shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715 *et seq.* ("CAFA") no later than ten (10) calendar days following the filing of the Stipulation with the Court. Evoqua is solely responsible for the costs of the CAFA notice and administering the CAFA notice. No later than seven (7) calendar days before the Settlement Hearing, Evoqua shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with the notice requirements of CAFA.

11. **Participation in the Settlement** – Settlement Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be postmarked or received no later than one hundred twenty (120) calendar days after the Notice Date. Notwithstanding the foregoing, Lead Counsel may, at their discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Settlement Class. By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, their, or its Claim and the subject matter of the Settlement.

12. Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and

holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her, their, or its current authority to act on behalf of the Settlement Class Member must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

13.     Any Settlement Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court:  (a) shall be deemed to have waived his, her, their, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against each and all of the Released Defendant Persons, as more fully described in the Stipulation and Notice.  Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 11 above.

14.     **Exclusion From the Settlement Class** – Any member of the Settlement Class who wishes to exclude himself, herself, themselves, or itself from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Settlement Class must be mailed or delivered such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, to:

*Evoqua Securities Litigation*, EXCLUSIONS, c/o A.B. Data, Ltd. P.O. Box 173001, Milwaukee, WI 53217, and (b) each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *In re Evoqua Water Technologies Corp. Securities Litigation*, Master File No. 1:18-cv-10320-JPC (S.D.N.Y.)"; (iii) state the number of shares of publicly traded Evoqua common stock that the person or entity requesting exclusion purchased/acquired and/or sold during the Class Period, as well as the dates, number of shares, and prices of each such purchase/acquisition and sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court.

15.     Any person or entity who or that timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Settlement Class shall not be a Settlement Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action, and shall not receive any payment out of the Net Settlement Fund.

16.     Any Settlement Class Member who or that does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order:  (a) shall be deemed to have waived his, her, their, or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action, including, but not limited to, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or

unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against any of the Released Defendant Persons, as more fully described in the Stipulation and Notice.

17. **Appearance and Objections at Settlement Hearing** – Any Settlement Class Member who or that does not request exclusion from the Settlement Class may enter an appearance in the Action, at his, her, their, or its own expense, individually or through counsel of his, her, their, or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Lead Counsel and Representative Defendants' Counsel, at the addresses set forth in paragraph 18 below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct. Any Settlement Class Member who does not enter an appearance will be represented by Lead Counsel.

18. Any Settlement Class Member who or that does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses and appear and show cause, if he, she, they, or it has any cause, why the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses should not be approved; *provided, however*, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation, and/or the motion for attorneys' fees and Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Lead Counsel and Representative Defendants' Counsel at the addresses set forth below such that they are received no later than twenty-one (21) calendar days prior to the Settlement Hearing.

| **Lead Counsel** | **Representative Defendants' Counsel** |
|---|---|
| Bernstein Litowitz Berger & Grossmann LLP | Fried, Frank, Harris, Shriver & Jacobson LLP |
| Jeremy P. Robinson, Esq. | Scott Brian Luftglass, Esq. |
| 1251 Avenue of the Americas | One New York Plaza |
| New York, NY 10020 | New York, NY 10004 |
| | |
| Scott+Scott Attorneys at Law LLP | |
| William C. Fredericks, Esq. | |
| The Helmsley Building | |
| 230 Park Ave, 17th Floor | |
| New York, NY 10169 | |

Settlement Class Members that wish to object must also email the objection and any supporting papers, no later than twenty-one (21) calendar days prior to the Settlement Hearing, to settlements@blbglaw.com, wfredericks@scott-scott.com, and scott.luftglass@friedfrank.com.

19. Any objections, filings, and other submissions by the objecting Settlement Class Member: (a) must identify the case name and docket number, *In re Evoqua Water Technologies Corp. Securities Litigation*, Master File No. 1:18-cv-10320-JPC (S.D.N.Y.); (b) must state the name, address, and telephone number of the person or entity objecting, and if represented by counsel, the name, address, and telephone number of such counsel, and must be signed by the objector; (c) must state with specificity the grounds for the Settlement Class Member's objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; and (d) must include documents sufficient to prove membership in the Settlement Class, including the number of shares of publicly traded Evoqua common stock that the objecting Settlement Class Member purchased/acquired and/or sold during the Class Period, as well as the dates, number of shares, and prices of each such purchase/acquisition and sale. The objecting Settlement Class Member shall provide

documentation establishing membership in the Settlement Class through copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement. Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

20. Any Settlement Class Member who or that does not make his, her, their, or its objection in the manner provided herein may be deemed to have waived his, her, their, or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

21. **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Plaintiffs and all other members of the Settlement Class from commencing, instituting, reinstituting, or prosecuting any and all of the Released Plaintiffs' Claims against each and all of the Released Defendant Persons in any forum.

22. **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying Settlement Class Members and notifying them of the Settlement as well as in

administering the Settlement shall be paid as set forth in the Stipulation without further order of the Court.

23.     **Settlement Fund** – The contents of the Settlement Fund held by The Huntington National Bank (which the Court approves as the Escrow Agent) shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

24.     **Taxes** – Lead Counsel are authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

25.     **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, then (a) this Order shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Plaintiffs, the other Settlement Class Members, and Defendants, and (b) the Parties shall revert to their respective positions in the Action immediately before the execution of the Term Sheet on May 10, 2021 and shall promptly confer on a new scheduling stipulation to govern further proceedings in the Action, as provided in the Stipulation.

26.     **Use of this Order** – Neither this Order, nor the Term Sheet, nor the Stipulation (whether or not consummated and whether or not approved by the Court), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be

approved by the Court), nor the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation, or the approval of the Settlement (including any arguments proffered in connection therewith) shall be:

(a)     offered against any of the Released Defendant Persons as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendant Persons with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Defendant Persons or in any way referred to for any other reason as against any of the Released Defendant Persons, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b)     offered against any of the Released Plaintiff Persons, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Plaintiff Persons that any of their claims are without merit, that any of the Released Defendant Persons had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Released Plaintiff Persons, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c)     construed against any of the Released Persons as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

*provided, however*, that if the Stipulation is approved by the Court, the Parties and the Released Persons and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or to otherwise to enforce the terms of the Settlement; and *provided, further,* notwithstanding the foregoing, any of the Released Persons may file the Stipulation or any judgment or order of the Court related hereto in any other action that has been or may be brought against them, in order to support any and all defenses or counterclaims based on *res judicata*, collateral estoppel, good-faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim. This provision shall remain in force in the event that the Settlement is terminated for any reason whatsoever.

27.    **Supporting Papers** – Lead Counsel shall file and serve their opening papers in support of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for attorneys' fees and Litigation Expenses no later than thirty-five (35) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

SO ORDERED this __8th__ day of _____July_____, 2021.

_____
The Honorable John P. Cronan
United States District Judge

# EXHIBIT 1

**Exhibit 1**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Master File No. 1:18-cv-10320-JPC

IN RE EVOQUA WATER TECHNOLOGIES
CORP. SECURITIES LITIGATION

## NOTICE OF (I) PENDENCY OF CLASS ACTION AND
## PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND
## (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES

*A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

NOTICE OF PENDENCY OF CLASS ACTION: Please be advised that your rights may be affected by the above-captioned securities class action ("Action") pending in the United States District Court for the Southern District of New York ("Court"), if you purchased or otherwise acquired publicly traded common stock of Evoqua Water Technologies Corp. ("Evoqua") during the period from November 1, 2017 through October 30, 2018, inclusive (the "Class Period") and were damaged thereby.[1]

NOTICE OF SETTLEMENT: Please also be advised that the Court-appointed Lead Plaintiffs Louisiana Sheriffs' Pension & Relief Fund ("Louisiana Sheriffs") and City of Omaha Police & Fire Retirement System ("Omaha P&F," together with Louisiana Sheriffs, "Lead Plaintiffs"), and additional class representative City of Hallandale Beach Police Officers' & Firefighters' Personnel Retirement Trust ("Hallandale P&F" and, together with Lead Plaintiffs, "Plaintiffs"), on behalf of themselves and the Settlement Class (as defined in ¶ 29 below), have reached a proposed settlement of the Action with Defendants (defined below) for $16,650,000 in cash that, if approved, will resolve all claims in the Action ("Settlement").

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have, including the possible receipt of cash from the Settlement. If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

**If you have questions about this Notice, the Settlement, or your eligibility to participate in the Settlement, please DO NOT contact the Court, the Clerk's Office, Defendants, or**

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated May 28, 2021 ("Stipulation"), which is available at www.EvoquaSecuritiesLitigation.com.

Defendants' Counsel. **All questions should be directed to Lead Counsel or the Claims Administrator** (*see* ¶ **72 below**).

1. **Description of the Action and the Settlement Class:** This Notice relates to the proposed Settlement of claims in a pending putative securities class action brought by investors against Evoqua, certain Evoqua executives (the "Executive Defendants")[2], certain directors of Evoqua (the "Director Defendants")[3], the underwriters of Evoqua's November 1, 2017 Initial Public Offering ("IPO") and/or March 15, 2018 Secondary Public Offering ("SPO") (the "Underwriter Defendants")[4], and an investment firm, AEA Investors LP and certain of its affiliated entities ("AEA Defendants")[5], which owned shares that gave them voting control over Evoqua during the Class Period. Plaintiffs allege that Defendants violated the federal securities laws by making false and misleading statements and omissions, including in the offering materials for the IPO or SPO, or controlled another Defendant who violated the federal securities laws. A more detailed description of the Action is set forth in ¶¶ 11-28 below. The Settlement, if approved by the Court, will settle the claims of the Settlement Class, as defined in ¶ 29 below.

2. **Statement of the Settlement Class's Recovery:** Subject to Court approval, Plaintiffs, on behalf of themselves and the Settlement Class, have agreed to settle the Action in exchange for a settlement payment of $16,650,000 in cash ("Settlement Amount") to be deposited into an escrow account. The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon ("Settlement Fund") less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court) will be distributed in accordance with a plan of allocation approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Settlement Class. The proposed plan of allocation ("Plan of Allocation") is attached hereto as Appendix A.

3. **Estimate of Average Amount of Recovery Per Share:** Based on Plaintiffs' damages consultant's estimate of the number of shares of publicly traded Evoqua common stock purchased or otherwise acquired during the Class Period that may have been affected by the alleged conduct at issue in the Action, and assuming that all Settlement Class Members elect to participate

---

[2] The Executive Defendants are Ronald C. Keating, the President and Chief Executive Officer of Evoqua; Benedict J. Stas, Evoqua's Chief Financial Officer and Treasurer; and Anthony Webster, Evoqua's Chief Human Resource Officer. Kenneth Rodi, Evoqua's Products Segment President, was also originally named as an "Executive Defendant," but was subsequently dismissed from the Action. Although Mr. Rodi is not a party to the Settlement, all claims against him will also be released in his capacity as a Released Defendant Person if the Settlement is approved.

[3] The Director Defendants are Martin Lamb, Nick Bhambri, Gary Cappeline, Judd Gregg, Brian Hoesterey, Vinay Kumar, and Peter M. Wilver.

[4] The Underwriter Defendants are Credit Suisse (USA) LLC, J.P. Morgan Securities LLC, RBC Capital Markets, LLC, Citigroup Global Markets Inc., Goldman Sachs & Co. LLC, Morgan Stanley & Co. LLC, Robert W. Baird & Co. Incorporated, Raymond James & Associates, Inc., Stifel, Nicolaus & Company, Incorporated, Wells Fargo Securities, LLC, and Cowen and Company, LLC.

[5] The AEA Defendants are AEA Investors LP, AEA EWT Holdings LP, AEA EWT Holdings GP LLC, AEA Investors Fund V LP, AEA Investors Participant Fund V LP, AEA Investors QP Participant Fund V LP, AEA Investors Fund V-A LP, AEA Investors Fund V-B LP, AEA Investors PF V LLC, AEA Investors Partners V LP, and AEA Management (Cayman) Ltd.

in the Settlement, the estimated average recovery per eligible share of Evoqua common stock (before the deduction of any Court-approved fees, expenses, and costs as described herein) is approximately $0.21 per share. **Settlement Class Members should note, however, that the foregoing average recovery per eligible share is only an estimate.** Some Settlement Class Members may recover more or less than this estimated amount depending on, among other factors: (i) when and the price at which they purchased/acquired shares of Evoqua common stock; (ii) whether they sold their shares of Evoqua common stock and, if so, when; and (iii) the total number and value of valid Claims submitted to participate in the Settlement. Distributions to Settlement Class Members will be made based on the Plan of Allocation attached hereto as Appendix A or such other plan of allocation as may be ordered by the Court.

4. **Average Amount of Damages Per Share:** The Parties do not agree on the amount of damages per share of Evoqua common stock that would be recoverable if Plaintiffs were to prevail in the Action. Among other things, Defendants do not agree that they violated the federal securities laws or that, even if liability could be established, any damages were suffered by any members of the Settlement Class as a result of their conduct.

5. **Attorneys' Fees and Expenses Sought:** Lead Counsel have not received any payment of attorneys' fees for their representation of the Settlement Class in the Action and have advanced the funds to pay expenses incurred to prosecute this Action with the expectation that if they were successful in recovering money for the Settlement Class, they would receive fees and be paid for their expenses from the Settlement Fund, as is customary in this type of litigation. Lead Counsel, Bernstein Litowitz Berger & Grossmann LLP ("BLB&G") and Scott+Scott Attorneys at Law LLP ("Scott+Scott"), will apply to the Court for an award of attorneys' fees on behalf of all Plaintiffs' Counsel[6] in an amount not to exceed 25% of the Settlement Fund. In addition, Lead Counsel will apply for Litigation Expenses incurred by Plaintiffs' Counsel in connection with the institution, prosecution, and resolution of the claims against Defendants, in an amount not to exceed $375,000, which amount may include a request for reimbursement of the reasonable costs and expenses incurred by Plaintiffs directly related to their representation of the Settlement Class. Any fees and expenses awarded by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses. The estimated average cost per eligible share of Evoqua common stock, if the Court approves Lead Counsel's attorneys' fees and Litigation Expenses application, is approximately $0.06 per share. **Please note that this amount is only an estimate**.

6. **Identification of Attorneys' Representatives:** Plaintiffs and the Settlement Class are represented by Jeremy P. Robinson, Esq. of Bernstein Litowitz Berger & Grossmann LLP, 1251 Avenue of the Americas, New York, NY 10020, 1-800-380-8496, settlements@blbglaw.com and William C. Fredericks of Scott+Scott Attorneys at Law LLP, The Helmsley Building, 230 Park Ave, 17th Floor, New York, NY 10169, (800) 404-7770, wfredericks@scott-scott.com. Further information regarding the Action, the Settlement, and this Notice may be obtained by contacting Lead Counsel or the Claims Administrator at: *Evoqua Securities Litigation*, c/o A.B. Data, Ltd., P.O. Box 170900, Milwaukee, WI 53217, 1-855-569-5890, info@EvoquaSecuritiesLitigation.com. **Please do not contact the Court regarding this notice.**

---

[6] Plaintiffs' Counsel are Lead Counsel and Klausner, Kaufman, Jensen & Levinson, P.A. ("Klausner Kaufman"), additional counsel for Louisiana Sheriffs and Hallandale P&F.

7. **Reasons for the Settlement:** Plaintiffs' principal reason for entering into the Settlement is the immediate cash benefit for the Settlement Class without the risk or the delays and costs inherent in further litigation. Moreover, the cash benefit provided under the Settlement must be considered against the risk that a smaller recovery – or, indeed, no recovery at all – might be achieved after a motion for summary judgment, a trial of the Action, and the likely appeals that would follow a trial. This process could be expected to last several years. Defendants, who deny all allegations of wrongdoing or liability whatsoever, have determined that it is desirable and beneficial to them that the Action be settled in the manner and upon the terms and conditions of the Settlement solely to eliminate the uncertainty, burden, and expense of further protracted litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED (IF MAILED), OR ONLINE, NO LATER THAN _____, 2021.** | This is the only way to be eligible to receive a payment from the Settlement Fund. If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in ¶ 38 below) that you have against Defendants and the other Released Defendant Persons (defined in ¶ 39 below), so it is in your interest to submit a Claim Form. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2021.** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund. This is the only option that may allow you to ever be part of any other lawsuit against Defendants or the Released Defendant Persons concerning the Released Plaintiffs' Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2021.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, and/or the requested attorneys' fees and Litigation Expenses, you may object by writing to the Court and explaining why you do not like them. You cannot object unless you are a member of the Settlement Class and do not exclude yourself from the Settlement Class. |
| **ATTEND A HEARING ON _____, 2021 AT __:__ __.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2021.** | Filing a written objection and notice of intention to appear by _____, 2021 allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and Litigation Expenses. In the Court's discretion, the _____, 2021 hearing may be conducted by telephone or videoconference (see ¶¶ 62-63 below). If you submit a written objection, you may (but you do not have to) participate in the hearing and, at the discretion of the Court, speak to the Court about your objection. |

| DO NOTHING. | If you are a member of the Settlement Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund. You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |
|---|---|

These rights and options – and the deadlines to exercise them – are further explained in this Notice. <u>Please Note</u>: The date and time of the Settlement Hearing – currently scheduled for _____, 2021 at __:__ _.m. – is subject to change without further notice to the Settlement Class. It is also within the Court's discretion to hold the hearing in person or telephonically. If you plan to attend the hearing, you should check the Settlement website, <u>www.EvoquaSecuritiesLitigation.com,</u> or with Lead Counsel as set forth above to confirm that no change to the date and/or time of the hearing has been made.

| WHAT THIS NOTICE CONTAINS |
|---|

Why Did I Get This Notice? .......................................................................... Page __

What Is This Case About? ............................................................................. Page __

How Do I Know If I Am Affected By The Settlement?

    Who Is Included In The Settlement Class? ................................................ Page __

What Are Plaintiffs' Reasons For The Settlement? ........................................ Page __

What Might Happen If There Were No Settlement? ....................................... Page __

How Are Settlement Class Members Affected By The Action

    And The Settlement? ................................................................................ Page __

How Do I Participate In The Settlement?  What Do I Need To Do? .............. Page __

How Much Will My Payment Be? ................................................................. Page __

What Payment Are The Attorneys For The Settlement Class Seeking?

    How Will The Lawyers Be Paid? ............................................................. Page __

What If I Do Not Want To Be A Member Of The Settlement Class?

    How Do I Exclude Myself? ...................................................................... Page __

When And Where Will The Court Decide Whether To Approve The

    Settlement? Do I Have To Come To The Hearing?  May I Speak

    At The Hearing If I Don't Like The Settlement? .................................... Page __

What If I Bought Shares Of Evoqua Common Stock On

    Someone Else's Behalf? ........................................................................... Page __

Can I See The Court File?  Whom Should I Contact If I Have

    Questions? ............................................................................................... Page __

Proposed Plan of Allocation of Net Settlement Fund Among

    Authorized Claimants ............................................................................. Appendix A

## WHY DID I GET THIS NOTICE?

8. The Court authorized that this Notice be sent to you because you or someone in your family or an investment account for which you serve as custodian may have purchased or otherwise acquired shares of Evoqua common stock during the Class Period. The Court has directed us to send you this Notice because, as a potential Settlement Class Member, you have the right to understand how this class action lawsuit may generally affect your legal rights. If the Court approves the Settlement and the Plan of Allocation (or some other plan of allocation), the Claims Administrator selected by Plaintiffs and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9. The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you (if you are a Settlement Class Member) might be affected, and how to exclude yourself from the Settlement Class if you wish to do so. It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses ("Settlement Hearing"). *See* ¶¶ 62-63 below for details about the Settlement Hearing, including the date and location of the hearing.

10. The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing. Please be patient, as this process can take some time.

## WHAT IS THIS CASE ABOUT?

11. Evoqua is a water technology company that provides products and services such as wastewater treatment, water disinfection for pools, aquatic applications, and water purification to various industries, municipalities, waterparks, and other commercial or public entities. Following its IPO on November 1, 2017, at the beginning of the Class Period, Evoqua common stock traded on the New York Stock Exchange under the ticker symbol AQUA.

12. This Action is a securities class action brought against Evoqua, certain of its executive officers and directors, the underwriters of Evoqua's public offerings of common stock during the Class Period, and an investment firm that owned a controlling interest in Evoqua. In the Action, Plaintiffs allege that, during the Class Period, certain Defendants made materially false and misleading statements and omissions, including in the offering materials for Evoqua's November 1, 2017 IPO and March 15, 2018 SPO, concerning (1) Evoqua's financial health, including through artificially inflating reported revenue in violation of Generally Accepted Accounting Principles ("GAAP"), (2) the state of its salesforce, and (3) its integration of recently acquired companies. Plaintiffs further allege that the price of Evoqua common stock was artificially inflated during the Class Period as a result of the allegedly false and misleading statements, and declined when the truth was revealed in a series of partial corrective disclosures from May 8, 2018 through October 30, 2018.

13.     On November 6, 2018, a putative securities class action complaint was filed in the Court, styled *McWilliams v. Evoqua Water Technologies Corp. et al.*, Case No. 1:18-cv-10320, brought on behalf of certain purchasers of Evoqua common stock.

14.     On January 31, 2019, the Court appointed Louisiana Sheriffs and Omaha P&F as Lead Plaintiffs and approved Lead Plaintiffs' selection of Bernstein Litowitz Berger & Grossmann LLP and Scott+Scott Attorneys at Law LLP as Lead Counsel for the class.

15.     On April 3, 2019, Lead Plaintiffs filed and served their Consolidated Class Action Complaint (ECF No. 42) (the "Complaint"). The Complaint alleges claims under Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and U.S. Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder against Evoqua, the Executive Defendants, and the AEA Defendants; and claims under Section 20(a) of the Exchange Act against the Executive Defendants and the AEA Defendants. The Complaint also alleges claims under Section 11 of the Securities Act of 1933 ("Securities Act") against Evoqua, certain of the Executive Defendants, the Director Defendants, and the Underwriter Defendants; claims under Section 12(a)(2) of the Securities Act against Evoqua and the Underwriter Defendants; and claims under Section 15 of the Securities Act against certain of the Executive Defendants and the AEA Defendants.

16.     The Complaint alleges that certain Defendants made materially false and misleading statements and omissions about Evoqua's business, including with regard to the state of its salesforce and the state of its efforts to successfully integrate several recent acquisitions, and that Evoqua had engaged in certain undisclosed improper accounting practices and had published financial results that did not comply with GAAP. The Complaint further alleges that the price of Evoqua common stock was artificially inflated during the Class Period as a result of the allegedly false and misleading statements and omissions, and that the price of that stock declined when the truth concerning Evoqua's condition and performance was revealed through a series of alleged corrective disclosures beginning in May 2018. The Complaint also alleges that the offering documents for the IPO and SPO contained false and misleading statements concerning the same topics.

17.     On June 26, 2019, Defendants filed motions to dismiss the Complaint. On March 30, 2020, after the motions were fully briefed, the Court issued an Opinion and Order denying in part and granting in part the motions to dismiss. The Court dismissed Lead Plaintiffs' Exchange Act claims, but sustained the Securities Act claims arising out of the IPO and SPO (except as to Section 15 control person claim against Executive Defendants Rodi and Webster).

18.     On June 5, 2020, the remaining Defendants filed and served answers to the Complaint.

19.     Following the negotiation of a detailed case management order and the drafting and service of comprehensive document requests, discovery in the Action commenced in the spring of 2020. Beginning in the summer of 2020, the parties engaged in multiple rounds of negotiations over various discovery-related matters, including several hundred electronic search terms and the specific individuals whose custodial files were to be searched for responsive documents. Over the course of discovery, Defendants and multiple third parties (including Evoqua's outside auditors) ultimately produced more than 1.6 million pages of documents to Plaintiffs, and Plaintiffs produced over 2,500 pages of documents to Defendants. The Parties also exchanged initial disclosures, and exchanged numerous letters and emails concerning various disputed discovery

issues, and some of the Parties also served and responded to interrogatories. The Parties also filed regular status reports with the Court during the discovery process.

20.     Four depositions were conducted in the Action, including depositions of representatives of each of the three Plaintiffs and a deposition of Defendants' expert witness in connection with Plaintiffs' class certification motion. In addition, the depositions of various current Evoqua employees (as well as of several third parties) had been noticed at the time the Parties reached an agreement in principle to settle the Action.

21.     On December 4, 2020, Plaintiffs filed and served their motion for class certification, and to appoint Hallandale P&F as an additional proposed class representative, which was accompanied by a report from Plaintiffs' expert on common damages methodologies. Defendants filed and served their opposition to the motion with an accompanying expert report on February 19, 2021 and Plaintiffs filed and served their reply papers on April 1, 2021, which included another expert report regarding tracing issues. On April 5, 2021, Evoqua filed a letter motion for leave to file a sur-reply and Plaintiffs filed an opposition on April 6, 2021. The motion for class certification was pending before the Court when the agreement to settle was reached.

22.     Pursuant to the Court's Case Management Order setting a deadline for the Parties to hold an initial mediation session, in late 2020 the Parties began discussions about retaining an experienced mediator to see if the Parties might be able to resolve the Action through an arms-length mediation process. The Parties ultimately agreed to mediate under the auspices of Greg Danilow, Esq. (the "Mediator") of Phillips ADR, a nationally recognized alternative dispute firm with significant experience in mediating securities class actions and other complex litigations. The Mediator is a well-known, retired securities litigator with over 40 years of experience with cases such as this one.

23.     In connection with this mediation process, both Plaintiffs and Evoqua prepared and exchanged comprehensive mediation statements with accompanying appendices of exhibits. In addition, both sides exchanged information concerning their respective damages calculations, based on the analyses performed by their respective damages experts. In connection with the mediation (and their overall litigation preparation), Plaintiffs also consulted with their retained expert forensic accountants to help assess the strengths and weaknesses of their claims. Prior to the initial mediation session, Lead Plaintiffs and Evoqua also researched and prepared responses to numerous specific questions that the Mediator posed based on his review of the Parties' respective written mediation submissions.

24.     Plaintiffs, Evoqua, and Evoqua's insurance carriers held an initial full-day mediation session, via Zoom, with the Mediator on March 19, 2021. At the March 19, 2021 mediation session, the parties to the mediation engaged in vigorous settlement negotiations under the auspices of the Mediator, but were unable to reach an agreement. Over the next several weeks, the parties to the mediation engaged in additional discussions and negotiations under the Mediator's supervision, and also agreed to hold a second mediation session on April 15, 2021. Throughout this period, the Parties continued to actively litigate the Action, serving additional discovery (including the production of documents and privilege logs), continuing their review and analysis of documents, preparing for depositions, and consulting with their retained experts.

25.     Plaintiffs, Evoqua, and Evoqua's insurance carriers held a second full-day mediation session, also via Zoom, before the Mediator on April 15, 2021. At the April 15, 2021 mediation session, the parties to the mediation made progress towards reducing their differences

in their respective settlement positions, but still had not reached a resolution. However, by the end of the April 15, 2021 mediation session, the parties to the mediation had both agreed to accept a "mediator's proposal" that they agree to try to negotiate a settlement within a relatively narrow range that the Mediator had proposed as "fair and reasonable." After approximately three weeks of additional negotiations, the Parties were ultimately able to reach an agreement in principle to settle the Action for $16,650,000, an amount that was within the range reflected in the Mediator's "mediator's proposal" of April 15.

26.     The Parties then negotiated and executed a term sheet (the "Term Sheet") on May 10, 2021, which memorialized the material terms (subject to judicial approval) of the Parties' settlement. In particular, the Term Sheet set forth, among other things, the Parties' binding agreement to settle all of the Settlement Class's claims against Defendants in exchange for a cash payment of $16,650,000 for the benefit of the Settlement Class, subject to certain terms and conditions to be more fully set forth in a customary "long form" stipulation and agreement of settlement.

27.     On May 28, 2021, the Parties entered into a Stipulation and Agreement of Settlement (the "Stipulation"), which sets forth the full terms and conditions of the Settlement. The Stipulation can be viewed at www.EvoquaSecuritiesLitigation.com.

28.     On _____, 2021, the Court preliminarily approved the Settlement, authorized notice of the Settlement to potential Settlement Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

> ## HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?
> ## WHO IS INCLUDED IN THE SETTLEMENT CLASS?

29.     If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded from the Settlement Class. The Settlement Class certified by the Court solely for purposes of effectuating the Settlement consists of:

**All persons and entities that purchased or otherwise acquired publicly traded Evoqua common stock during the period from November 1, 2017 through October 30, 2018, inclusive, and were damaged thereby.**

Excluded from the Settlement Class are: (i) Defendants; (ii) any directors, Officers, partners, or members of any Defendant; (iii) members of the Immediate Families of all natural persons who are excluded parties under (i) or  (ii); (iv) the Affiliates[7] of any Defendant; (v) any firm, trust, corporation, or other entity in which any Defendant or any other excluded person or entity has a majority ownership interest; and (vi) the legal representatives, heirs, successors, and assigns of any such excluded person or entity.  For the avoidance of doubt, (i) the foregoing exclusions do not apply where the person or entity that is excluded from the Settlement Class (or the entity in which such person or entity has a majority ownership interest) acts as nominee, trustee, street name holder, fund manager, or in any other fiduciary capacity for persons or entities who otherwise

---

[7] "Affiliate" means any person or entity controlled by, controlling, or under common control with another person or entity.

would be entitled to be included in the Settlement Class, and (ii) any Investment Vehicle[8] shall not be excluded from the Settlement Class. Also excluded from the Settlement Class are any persons and entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court. *See* "What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself," on page __ below.

**PLEASE NOTE: RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.**

**IF YOU WISH TO BE ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE SETTLEMENT, YOU ARE REQUIRED TO SUBMIT THE CLAIM FORM THAT IS BEING DISTRIBUTED WITH THIS NOTICE AND THE REQUIRED SUPPORTING DOCUMENTATION POSTMARKED (IF MAILED), OR ONLINE, NO LATER THAN _____, 2021.**

| WHAT ARE PLAINTIFFS' REASONS FOR THE SETTLEMENT? |
|:---:|

     30.     Plaintiffs and Lead Counsel believe that the claims asserted against Defendants have merit. They recognize, however, the significant expense and length of the continued proceedings that would be necessary to pursue their claims against Defendants through the completion of discovery, certification of the class, summary judgment, trial, and appeals, as well as the substantial risks they would face in establishing liability and damages. First, some risks in the case had already materialized when the Court found that Lead Plaintiffs had not adequately alleged that certain Defendants made the alleged misstatements with fraudulent intent or recklessly, and dismissed all claims brought under the Exchange Act. Plaintiffs would have faced significant hurdles in seeking to add those allegations back in an amendment or overturning that decision on appeal after a final judgment. Second, with respect to the remaining claims, under the Securities Act, Plaintiffs faced risks in proving that statements in Evoqua's offering materials were false or misleading. For example, Plaintiffs faced significant risk proving that the offering materials included misleading disclosures concerning Evoqua's sales force terminations. Defendants argued vehemently that Evoqua's sales force reduction was fully disclosed in their public filings and, in support, pointed to discussion of a voluntary separation program. Likewise, Plaintiffs faced challenges proving that the offering materials misled investors regarding the success of Evoqua's integration of acquired companies. In that regard, Defendants pointed to the multiple acquisitions that Evoqua had made around the time of and during the Class Period to argue that the vast majority of them were successful and were not even challenged by Plaintiffs. Finally, Plaintiffs' accounting manipulation allegations were also subject to significant risk. Indeed, Defendants cited the fact that Evoqua's independent auditor issued an unqualified opinion

---

[8] " Investment Vehicle" means any investment company, separately managed account or pooled investment fund, including, but not limited to mutual fund families, exchange-traded funds, fund of funds, hedge funds, and employee benefit plans, in which any Defendant has or may have a direct or indirect interest, or as to which that Defendant or its Affiliates may act as an investment advisor or manager, but in which any Defendant alone or together with its, his or her respective Affiliates is not a majority owner or does not hold a majority beneficial interest

for all periods at issue and, to the extent that any accounting discrepancies existed, determined that they were all immaterial. Plaintiffs also faced risk from Defendants' affirmative defenses, including their negative causation and due diligence defenses. Thus, there were very significant risks attendant to the continued prosecution of the Action, including the risk of zero recovery. The Settlement eliminates these risks. It also eliminates the risk and costs attendant with the delay inherent in further litigation.

31.     In light of these risks, the amount of the Settlement, and the immediacy of recovery to the Settlement Class, Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class. Plaintiffs and Lead Counsel believe that the Settlement provides a favorable result for the Settlement Class, namely $16,650,000 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller, or no, recovery after resolution of Plaintiffs' pending class certification motion, full discovery, summary judgment, trial, and appeals, possibly years in the future.

32.     Defendants have denied and continue to deny the claims and allegations asserted against them in the Action, including that: they or the offering materials made false and misleading statements, they knew or recklessly disregarded material facts undermining their or the offering materials' statements at the time the statements were made, and Plaintiffs or Settlement Class Members suffered any damages or harm by the conduct alleged in the Action. Defendants have nonetheless agreed to the Settlement solely to eliminate the uncertainty, burden, and expense of continued litigation. The Settlement is not and may not be construed as an admission of any wrongdoing by Defendants in this or any other action or proceeding.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

33.     If there were no Settlement, and Plaintiffs failed to establish any essential legal or factual element of their claims against Defendants, neither Plaintiffs nor the other members of the Settlement Class would recover anything from Defendants. Also, if Defendants were successful in establishing any of their defenses either at summary judgment, at trial, or on appeal, the Settlement Class could recover less than the amount provided in the Settlement, or nothing at all.

## HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED
## BY THE ACTION AND THE SETTLEMENT?

34.     As a Settlement Class Member, you are represented by Plaintiffs and Lead Counsel, unless you enter an appearance through counsel of your own choice and at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," on page __ below.

35.     If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you must exclude yourself from the Settlement Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself?," on page __ below.

36.     If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, and/or Lead Counsel's application for attorneys' fees and Litigation Expenses, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," on page __ below.

37.     If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court. If the Settlement is approved, the Court will enter a judgment ("Judgment"). The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, will have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim (as defined in ¶ 38 below) against Defendants and the other Released Defendant Persons (as defined in ¶ 39 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Released Defendant Persons.

38.     "Released Plaintiffs' Claims" means any and all claims, demands, rights, liabilities, losses, obligations, damages, and causes of action of any kind, nature, or description whatsoever, whether known or unknown, disclosed or undisclosed, accrued or unaccrued, apparent or not apparent, foreseen or unforeseen, matured or not matured, suspected or unsuspected, liquidated or not liquidated, fixed or contingent, including Unknown Claims, under any federal, state, foreign, or other applicable law, rule or regulation, that were asserted in the Complaint or could have been asserted in any forum arising out of or in any way relating (directly or indirectly) to (i) the allegations, transactions, facts, matters or occurrences, representations, or omissions involved, set forth, or referred to in the Complaint (including the IPO and SPO, any statements, disclosures or omissions during the Class Period in any of Evoqua's filings with the SEC or other statements to the financial markets, and/or the accuracy of Evoqua's financial statements during the Class Period) and (ii) the purchase or other acquisition of Evoqua common stock (including any decision to buy Evoqua common stock) during the Class Period.  For the avoidance of doubt, the Released Plaintiffs' Claims do not include any derivative claims asserted in the consolidated derivative litigation captioned *In re Evoqua Water Technologies Corp. Derivative Litigation*, No. 2:19-cv-00410-MPK (W.D. Pa.) (the "Derivative Litigation"), or any derivative cases consolidated into the Derivative Litigation, or any claims relating to the enforcement of the Settlement.

39.     "Released Defendant Persons" means (i) Defendants, (ii) all past and present Affiliates of the Defendants, (iii) all past and present officers, directors, employees, members, limited or general partners, insurers, attorneys, financial or investment advisors, auditors, consultants, agents, representatives, successors, and assigns of the persons and entities in (i) and (ii).

40.     "Unknown Claims" means any Released Plaintiffs' Claims or Released Defendants' Claims (collectively, "Released Claims") that a person granting a release in connection with the Settlement does not know or suspect to exist in his, her, or its favor at the time of the release, including without limitation those which, if known, might have affected the decision to enter into or object to the Settlement. Upon the Effective Date, Plaintiffs and Defendants expressly waive, relinquish and release, and the members of the Settlement Class by operation of final approval of the Settlement by the Court shall be deemed to have, waived, relinquished and

released, any and all provisions, rights, and benefits conferred by or under California Civil Code § 1542 or any law or principle of common law of the United States or any state or territory of the United States which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Plaintiffs and Defendants acknowledge, and all members of the Settlement Class by operation of law shall be deemed to have acknowledged, that they may discover facts in addition to or different from those now known or believed to be true with respect to the Released Claims, but that it is the intention of the Settling Parties to completely, fully, finally and forever extinguish any and all Released Claims without regard to the subsequent discovery of additional or different facts. The inclusion of "Unknown Claims" in the definition of "Released Plaintiffs' Claims" and "Released Defendants' Claims" was separately bargained for and was a material element of the Settlement and was relied upon by the Parties in entering into the Stipulation and agreeing to the Settlement.

41. Pursuant to the Judgment, without further action by anyone, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, will have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim (as defined in ¶ 42 below) against Plaintiffs and the other Released Plaintiff Persons (as defined in ¶ 43 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Released Plaintiff Persons. This release shall not apply to any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

42. "Released Defendants' Claims" means any and all claims, demands, rights, liabilities, losses, obligations, damages, and causes of action of any kind, nature, or description whatsoever, whether known or unknown, disclosed or undisclosed, accrued or unaccrued, apparent or not apparent, foreseen or unforeseen, matured or not matured, suspected or unsuspected, liquidated or not liquidated, fixed or contingent, including Unknown Claims, under any federal, state, foreign, or other applicable law, rule or regulation, arising out of or in any way relating (directly or indirectly) to the institution, prosecution, or settlement of this Action, except for claims relating to the enforcement of the Settlement.

43. "Released Plaintiff Persons" means (i) Plaintiffs and all other Settlement Class Members, (ii) all past and present Affiliates of any Settlement Class Member, (iii) all past and present officers, directors, employees, members, limited or general partners, insurers, attorneys, financial or investment advisors, auditors, consultants, agents, representatives, successors, and assigns of the persons and entities included in (i) or (ii).

## HOW DO I PARTICIPATE IN THE SETTLEMENT?
## WHAT DO I NEED TO DO?

44. To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Claim Form with

adequate supporting documentation ***postmarked (if mailed), or submitted online at www.EvoquaSecuritiesLitigation.com, no later than _____, 2021***. A Claim Form is included with this Notice, or you may obtain one from the website maintained by the Claims Administrator, www.EvoquaSecuritiesLitigation.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-___-___-____, or by emailing the Claims Administrator at info@EvoquaSecuritiesLitigation.com. **Please retain all records of your ownership of and transactions in Evoqua common stock, as they may be needed to document your Claim.** If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

| HOW MUCH WILL MY PAYMENT BE? |
|:---:|

45.     At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

46.     Pursuant to the Settlement, Evoqua, on behalf of all Defendants, shall pay or cause to be paid $16,650,000 in cash. The Settlement Amount will be deposited into an escrow account. The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund." If the Settlement is approved by the Court and the Effective Date occurs, the Net Settlement Fund will be distributed to Settlement Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

47.     The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a Plan of Allocation and that decision is affirmed on appeal (if any) and/or the time for any petition for rehearing, appeal, or review, whether by certiorari or otherwise, has expired.

48.     Neither Defendants, the Released Defendant Persons, nor any other person or entity (including Defendants' insurance carriers) who or which paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or Judgment approving the Settlement becomes Final. Defendants and the other Released Defendant Persons shall not have any liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund, or the Plan of Allocation.

49.     Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Claim Form postmarked (if mailed), or online, on or before _____, 2021 shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the Releases given. This means that each Settlement Class Member releases the Released Plaintiffs' Claims (as defined in ¶ 38 above) against the Released Defendant Persons (as defined in ¶ 39 above) and will be enjoined and prohibited from prosecuting any of the Released Plaintiffs' Claims against any of the Released Defendant Persons whether or not such Settlement Class Member submits a Claim Form.

50.     Participants in and beneficiaries of any employee retirement and/or benefit plan ("Employee Plan") should NOT include any information relating to shares of Evoqua common stock purchased/acquired through an Employee Plan in any Claim Form they submit in this Action. They should include ONLY those eligible shares of Evoqua common stock purchased/acquired during the Class Period outside of an Employee Plan.

51. The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

52. Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim Form.

53. Only Settlement Class Members will be eligible to share in the distribution of the Net Settlement Fund. Persons and entities who are excluded from the Settlement Class by definition or who exclude themselves from the Settlement Class pursuant to an exclusion request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.

54. **Appendix A to this Notice sets forth the Plan of Allocation for allocating the Net Settlement Fund among Authorized Claimants, as proposed by Plaintiffs. At the Settlement Hearing, Lead Counsel will request the Court approve the Plan of Allocation. The Court may modify the Plan of Allocation, or approve a different plan of allocation, without further notice to the Settlement Class.**

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

55. Plaintiffs' Counsel have not received any payment for their services in pursuing claims against Defendants on behalf of the Settlement Class; nor have Plaintiffs' Counsel been paid for their litigation expenses. Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 25% of the Settlement Fund. Lead Counsel BLB&G and Scott+Scott have a fee or work sharing agreement to divide the total attorneys' fees that the Court may award in amounts commensurate with their respective efforts and contributions in the litigation. Lead Counsel BLBG also has retention agreements with Louisiana Sheriffs and Hallandale P&F, which provide that Klausner Kaufman, additional fiduciary counsel for Louisiana Sheriffs and Hallandale P&F, will work together with Lead Counsel on this action, and BLB&G will compensate Klausner Kaufman for that work from the attorneys' fees that the Court approves in an amount commensurate with Klausner Kaufman's efforts and contributions in the litigation. At the same time, Lead Counsel also intend to apply for payment from the Settlement Fund of Plaintiffs' Counsel's Litigation Expenses and may apply for reimbursement of the reasonable costs and expenses incurred by Plaintiffs directly related to their representation of the Settlement Class, in a total amount not to exceed $375,000. The Court will determine the amount of any award of attorneys' fees or Litigation Expenses. Such sums as may be approved by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses.

## WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS? HOW DO I EXCLUDE MYSELF?

56. Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written request for exclusion addressed to: *Evoqua Securities Litigation*, EXCLUSIONS, c/o A.B. Data, Ltd., P.O. Box 173001, Milwaukee, WI 53217. The request for exclusion must be ***received***

**no later than _____, 2021**. You will not be able to exclude yourself from the Settlement Class after that date.

57.     Each request for exclusion must: (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *In re Evoqua Water Technologies Corp. Securities Litigation*, Master File No. 1:18-cv-10320-JPC (S.D.N.Y.)"; (iii) state the number of shares of publicly traded Evoqua common stock that the person or entity requesting exclusion purchased/acquired and/or sold during the Class Period (from November 1, 2017 through October 30, 2018, inclusive), as well as the dates, number of shares, and prices of each such purchase/acquisition and sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative.

58.     A request for exclusion shall not be valid and effective unless it provides all the information called for in ¶ 57 and is received within the time stated above, or is otherwise accepted by the Court.

59.     If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claim against any of the Released Defendant Persons. Excluding yourself from the Settlement Class is the only option that allows you to be part of any other current or future lawsuit against Defendants or any of the other Released Defendant Persons concerning the Released Plaintiffs' Claims. **Please note**: If you decide to exclude yourself from the Settlement Class, Defendants and the other Released Defendant Persons will have the right to assert any and all defenses they may have to any claims that you may seek to assert.

60.     If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

---

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?  DO I HAVE TO COME TO THE HEARING?  MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

---

61.     **Settlement Class Members do not need to attend the Settlement Hearing.  The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing. You can participate in the Settlement without attending the Settlement Hearing.**

62.     **Please Note**: The date and time of the Settlement Hearing may change without further written notice to the Settlement Class. In addition, the COVID-19 pandemic is a fluid situation that creates the possibility that the Court may decide to conduct the Settlement Hearing by video or telephonic conference, or otherwise allow Settlement Class Members to appear at the hearing by phone, without further written notice to the Settlement Class.  **In order to determine whether the date and time of the Settlement Hearing have changed, or whether Settlement Class Members must or may participate by phone or video, it is important that you monitor the Court's docket and the Settlement website, www.EvoquaSecuritiesLitigation.com, before making any plans to attend the Settlement Hearing. Any updates regarding the Settlement Hearing, including any changes to the date or time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to the Settlement website,**

**www.EvoquaSecuritiesLitigation.com.** **If the Court requires or allows Settlement Class Members to participate in the Settlement Hearing by telephone or video conference, the information for accessing the telephone or video conference will be posted to the Settlement website, www.EvoquaSecuritiesLitigation.com.**

63.     The Settlement Hearing will be held on _____, 2021 at __:__ _.m.**, before the Honorable John P. Cronan, either in person at the United States District Court for the Southern District of New York, Courtroom 12D, 500 Pearl Street, New York, NY 10007, or by telephone or videoconference (in the discretion of the Court). The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses, and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Settlement Class.

64.     Any Settlement Class Member who or which does not request exclusion may object to the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses. Objections must be in writing. You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Southern District of New York at the address set forth below as well as serve copies on Lead Counsel and Representative Defendants' Counsel at the addresses set forth below *on or before _____, 2021*.

| <u>Clerk's Office</u> | <u>Lead Counsel</u> | Representative <u>Defendants' Counsel</u> |
|---|---|---|
| United States District Court Southern District of New York 500 Pearl Street New York, NY 10007 | Bernstein Litowitz Berger & Grossmann LLP Jeremy P. Robinson, Esq. 1251 Avenue of the Americas New York, NY 10020 | Fried, Frank, Harris, Shriver & Jacobson LLP Scott Brian Luftglass, Esq. One New York Plaza New York, NY 10004 |
| | Scott+Scott Attorneys at Law LLP William C. Fredericks, Esq. The Helmsley Building 230 Park Ave, 17th Floor New York, NY 10169 | |

You must also *email* the objection and any supporting papers on or before _____, 2021 to settlements@blbglaw.com, wfredericks@scott-scott.com, and scott.luftglass@friedfrank.com.

65.     Any objections, filings, and other submissions by the objecting Settlement Class Member: (a) must identify the case name and docket number, *In re Evoqua Water Technologies Corp. Securities Litigation*, Master File No. 1:18-cv-10320-JPC (S.D.N.Y.); (b) must state the name, address, and telephone number of the person or entity objecting, and if represented by counsel, the name, address, and telephone number of such counsel, and must be signed by the objector; (c) must state with specificity the grounds for the Settlement Class Member's objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; and (d) must include documents sufficient to prove membership in the Settlement Class, including the number of shares of publicly traded

Evoqua common stock that the objecting Settlement Class Member purchased/acquired and/or sold during the Class Period (from November 1, 2017 through October 30, 2018, inclusive), as well as the dates, number of shares, and prices of each such purchase/acquisition and sale. The objecting Settlement Class Member shall provide documentation establishing membership in the Settlement Class through copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement.

66. **You may not object to the Settlement, Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.**

67. You may submit an objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless (i) you first submit a written objection in accordance with the procedures described above, (ii) you first submit your notice of appearance in accordance with the procedures described below, or (iii) the Court orders otherwise.

68. If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses, and if you timely submit a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and Representative Defendants' Counsel at the addresses set forth in ¶ 64 above so that it is *received on or before _____, 2021*. Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing. Such persons may be heard orally at the discretion of the Court.

69. You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing. However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Representative Defendants' Counsel at the addresses set forth in ¶ 64 above so that the notice is *received on or before _____, 2021*.

70. **Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

## WHAT IF I BOUGHT SHARES OF EVOQUA COMMON STOCK ON SOMEONE ELSE'S BEHALF?

71. If you purchased or otherwise acquired publicly traded Evoqua common stock during the period from November 1, 2017 through October 30, 2018, inclusive, for the beneficial interest of a person or entity other than yourself, you must either (i) within ten (10) business days of receipt of this Notice, request from the Claims Administrator sufficient copies of the Notice and Claim Form ("Notice Packet") to forward to all such beneficial owners and within ten (10) business

days of receipt of those Notice Packets forward them to all such beneficial owners; or (ii) within ten (10) business days of receipt of this Notice, provide a list of the names, mailing addresses, and, if available, email addresses, of all such beneficial owners to *Evoqua Securities Litigation*, c/o A.B. Data, Ltd., P.O. Box 170900, Milwaukee, WI 53217. If you choose the second option, the Claims Administrator will send a copy of the Notice Packet to the beneficial owners. Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Copies of this Notice and the Claim Form may be obtained from the Settlement website, www.EvoquaSecuritiesLitigation.com, by calling the Claims Administrator toll-free at 1-855-569-5890, or by emailing the Claims Administrator at info@EvoquaSecuritiesLitigation.com.

---

### CAN I SEE THE COURT FILE?
### WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

72. This Notice contains only a summary of the terms of the Settlement. For the terms and conditions of the Settlement, please see the Stipulation available at www.EvoquaSecuritiesLitigation.com. More detailed information about the matters involved in this Action can be obtained by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.ilnd.uscourts.gov, or by visiting, during regular office hours, the Office of the Clerk, United States District Court for the Southern District of New York, 500 Pearl Street, New York, NY 10007. Additionally, copies of any related orders entered by the Court and certain other filings in this Action will be posted on the Settlement website, www.EvoquaSecuritiesLitigation.com.

All inquiries concerning this Notice and the Claim Form should be directed to:

*Evoqua Securities Litigation*
c/o A.B. Data, Ltd.
P.O. Box 170900
Milwaukee, WI 53217

1-855-569-5890
info@EvoquaSecuritiesLitigation.com
www.EvoquaSecuritiesLitigation.com

and/or

| | |
|---|---|
| Jeremy P. Robinson, Esq. | William C. Fredericks, Esq. |
| Bernstein Litowitz Berger & Grossmann LLP | The Helmsley Building |
| 1251 Avenue of the Americas | 230 Park Ave, 17th Floor |
| New York, NY 10020 | New York, NY 10169 |
| (800) 380-8496 | (800) 404-7770 |
| settlements@blgbglaw.com | wfredericks@scott-scott.com |

**PLEASE DO NOT CALL OR WRITE THE COURT, THE CLERK'S OFFICE, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.**

Dated: _____, 2021          By Order of the Court
United States District Court
Southern District of New York

# APPENDIX A

## Proposed Plan of Allocation of Net Settlement Fund Among Authorized Claimants

1.      The Plan of Allocation (the "Plan") set forth herein is the plan that is being proposed to the Court for approval by Plaintiffs after consultation with their damages consultant. The Court may approve the Plan with or without modification, or approve another plan of allocation, without further notice to the Settlement Class. Any Orders regarding a modification to the Plan will be posted on the website www.EvoquaSecuritiesLitigation.com. Defendants have had, and will have, no involvement or responsibility for the terms or application of the Plan.

2.      The objective of the Plan is to equitably distribute the Net Settlement Fund among those Settlement Class Members who suffered economic losses as a result of the alleged violations of the federal securities laws set forth in the Complaint, as opposed to economic losses caused by market or industry factors or company-specific factors unrelated thereto, taking into consideration the strength of the claims.

3.      Calculations made pursuant to the Plan do not represent a formal damages analysis that has been adjudicated in the Action and are not intended to measure the amounts that Settlement Class Members would recover after a trial. Nor are these calculations intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making a *pro rata* allocation of the Net Settlement Fund

4.      All purchases of publicly traded Evoqua common stock ("Evoqua Shares") during the Class Period are potentially eligible for compensation based on claims asserted under Sections 10(b) and 20(a) of the Exchange Act. In addition, certain purchases of Evoqua common stock during the Class Period—shares that were purchased in or traceable to the November 1, 2017 IPO or the March 15, 2018 SPO—are also potentially eligible for compensation based on claims asserted under Sections 11, 12(a)(2), and 15 of the Securities Act.

## Securities Act Loss Amounts

5.      Plaintiffs asserted Securities Act claims with respect to shares of Evoqua Shares that were purchased or acquired during the Class Period "pursuant or traceable to" either the IPO or SPO. Because the IPO was an initial offering of the shares and no additional shares entered the market until the SPO, all Evoqua Shares purchased between the November 1, 2017 IPO through March 14, 2018 (the day before the SPO) are traceable to the IPO, and potentially eligible for recovery under the Securities Act. The SPO occurred on March 15, 2018 and all shares of Evoqua Shares purchased directly in that offering (at exactly $22.00 per share) are potentially eligible for recovery under the Securities Act. For shares purchased on the open market from March 15, 2018 through October 30, 2018, however, only claimants who can establish that those shares were

originally issued in, and hence "traceable to", the IPO or SPO will be potentially eligible for Securities Act damages. *See* Claim Form, Instructions, ¶ 8.

6.    The statutory formula for the calculation of compensable losses under the Securities Act (at Section 11(e) thereof) serves as the basis for calculating Securities Act Loss Amounts under the Plan. The formulas stated below in ¶ 13 and ¶ 14 below, which were developed by Plaintiffs' damages expert, track that statutory formula. Under these formulas, November 6, 2018 (when the first complaint in this Action was filed) is deemed the "date of suit," and May 28, 2021, the date that Stipulation was executed, is deemed the "date of judgment."

**Exchange Act Loss Amounts**

7.    Section 10(b) of the Exchange Act provides the initial basis for calculating compensable losses based on the purchase or acquisition of Evoqua Shares during the Class Period, whether they were purchased in the open market or in or traceable to the IPO or SPO. In developing the Plan, Plaintiffs' damages expert calculated the estimated amount of artificial inflation in the closing prices of Evoqua Shares which allegedly was proximately caused by Defendants' alleged false and misleading statements and material omissions. In calculating the estimated artificial inflation allegedly caused by Defendants' alleged misrepresentations and omissions, Plaintiffs' damages expert considered price changes in Evoqua Shares in reaction to certain public announcements that allegedly revealed the truth concerning Defendants' alleged misrepresentations and material omissions, after adjusting for price changes that were attributable to market or industry forces. The estimated artificial inflation per Evoqua Share during the Class Period is stated in Table A at the end of this Notice.

8.    For losses to be compensable damages under Section 10(b), the disclosure of the allegedly misrepresented information must be, among other things, the cause of the decline in the price or value of the security. Here, Plaintiffs allege that Defendant made false statements and omitted material facts during the Class Period which had the effect of artificially inflating the prices of Evoqua Shares. Plaintiffs further allege that corrective information was released to the market on several dates which partially removed the artificial inflation from the price of Evoqua Shares on May 8, 2018, August 7, 2018, and October 30, 2018.

9.    Exchange Act Loss Amounts for transactions in Evoqua Shares are calculated under the Plan based primarily on the difference in the amount of alleged artificial inflation in the prices of Evoqua common stock at the time of purchase/acquisition and at the time of sale, or the difference between the actual purchase/acquisition price and sale price. Accordingly, to have an Exchange Act Loss Amount under the Plan (1) a claimant who purchased or acquired Evoqua Shares prior to the first alleged corrective disclosure, which occurred before the opening of trading on May 8, 2018, must have held that through at least that date, and (2) a claimant who purchased or acquired Evoqua Shares *after* the opening of trading on May 8, 2018 must have held that stock through at least one later alleged corrective disclosure.

10.    Because the Court dismissed Plaintiffs' Exchange Act claims (but not their Securities Act claims), Exchange Act Loss Amounts calculated under the Plan will be materially discounted (compared to the Securities Act Loss Amounts). *See* ¶ 16 and fn. 2. This discount will help ensure that, in light of the dismissal of the Exchange Act claims, Settlement Class Members'

respective recoveries will more fairly reflect the relative strengths and weaknesses of their claims, based on whether they also have eligible Securities Act claims.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

11. A "**Recognized Loss Amount**" will be calculated as set forth below for each publicly traded share of Evoqua common stock ("Evoqua Share") purchased or otherwise acquired from November 1, 2017 through October 30, 2018, inclusive, that is listed in the Claim Form and for which adequate documentation is provided.

12. The **Recognized Loss Amount** for each purchase or acquisition of publicly traded Evoqua Shares during the Class Period is *the greater of* (a) the **Securities Act Loss Amount** calculated under paragraph 13 or 14 below, if any, *or* (b) the **Adjusted Exchange Act Loss Amount** calculated under paragraphs 15 and 16 below.

**Securities Act Loss Amounts**

13. **Purchases of Evoqua Common Stock In or Traceable to the November 1, 2017 Initial Public Offering ("IPO"):** For each Evoqua Share either (a) purchased directly in the November 1, 2017 IPO, (b) purchased in the open market from November 2, 2017 through March 14, 2018, inclusive, or (c) purchased in the open market from March 15, 2018 through October 30, 2018, inclusive *and* for which the Claimant provides records establishing that those specific shares were originally issued in the IPO, and:

    (a) sold before the close of trading on November 6, 2018, the **Securities Act Loss Amount** is the purchase price per share (not to exceed $18.00) minus the sale price per share;

    (b) sold after the close of trading on November 6, 2018 but before the close of trading on May 28, 2021, the **Securities Act Loss Amount** is the purchase price per share (not to exceed $18.00) *minus* the greater of: (i) the sale price per share or (ii) $9.88 (the closing price of Evoqua common stock on November 6, 2018, the date the lawsuit was filed);

    (c) held as of the close of trading on May 28, 2021, **the Securities Act Loss Amount** is the purchase price per share (not to exceed $18) *minus* $9.88.

14. **Purchases of Evoqua Common Stock In or Traceable to the March 15, 2018 Secondary Public Offering ("SPO"):** For each Evoqua Share either (a) purchased directly in the March 15, 2018 SPO, or (b) purchased in the open market from March 15, 2018 through October 30, 2018, inclusive *and* for which the Claimant provides records establishing that those specific shares were originally issued in the SPO, and:

    (a) sold before the close of trading on November 6, 2018, the **Securities Act Loss Amount** is the purchase price per share (not to exceed $22.00) minus the sale price per share;

    (b) sold after the close of trading on November 6, 2018 but before the close of trading on May 28, 2021, the **Securities Act Loss Amount** is the purchase price per share (not to exceed $22.00) *minus* the greater of: (i) the sale price per share or (ii) $9.88 (the closing price of Evoqua Shares on November 6, 2018, the date the lawsuit was filed);

(c) held as of the close of trading on May 28, 2021, **the Securities Act Loss Amount** is the purchase price per share (not to exceed $22.00) *minus* $9.88.

## Adjusted Exchange Act Loss Amount

15. For each Evoqua Share purchased from November 1, 2017 through October 30, 2018, inclusive (whether on the open market or in the IPO or SPO), and:

(a) sold prior to the opening of trading on May 8, 2018, the **Exchange Act Loss Amount** is $0;

(b) sold after the opening of trading on May 8, 2018 but before the close of trading on October 29, 2018, the **Exchange Act Loss Amount** is *the lesser of*: (i) the alleged artificial inflation per share on the date of purchase as stated in Table A *minus* the alleged artificial inflation per share on the date of sale as stated in Table A; or (ii) the purchase price *minus* the sale price;

(c) sold from October 30, 2018 through the close of trading on January 25, 2019, the **Exchange Act Loss Amount** is *the least of*: (i) the alleged artificial inflation per share on the date of purchase as stated in Table A; (ii) the purchase price *minus* the sale price; or (iii) the purchase price *minus* the average closing price between October 30, 2018 and the date of sale as stated in Table B;

(d) held as of the close of trading on January 25, 2019, the **Exchange Act Loss Amount** is *the least of*: (i) the alleged artificial inflation per share on the date of purchase as stated in Table A; or (iii) the purchase price per share *minus* $9.56.[9]

16. For every Exchange Act Loss Amount calculated in paragraph 15, an **Adjusted Exchange Act Loss Amount** shall be calculated, which will be the Exchange Act Loss Amount discounted by 85%.. In other words, for each purchase of Evoqua Shares resulting in an Exchange Act Loss Amount under the Plan, the **Adjusted Exchange Act Loss Amount** will be the Exchange Act Loss Amount *times* 0.15.[10]

17. As noted above, for each purchase of publicly traded Evoqua common stock during the Class Period, a **Recognized Loss Amount** will be calculated which is *the greater of*: the

---

[9] Pursuant to Section 21D(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the Exchange Act, Exchange Act Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of Evoqua common stock during the "90-day look-back period," from October 30, 2018 through January 25, 2019. The mean (average) closing price for Evoqua common stock during this 90-day look-back period was $9.56.

[10] The Exchange Act Loss Amount is discounted to reflect the fact that Plaintiffs' Exchange Act claims were dismissed in their entirety by the Court, and would have likely required a reversal of the Court's prior order of dismissal by the Second Circuit to be reinstated. The 85% discount on these claims reflects Lead Counsel's professional judgment that, although there were colorable

Adjusted Section 10(b) Loss Amount or the Securities Act Loss Amount, if any. If a Recognized Loss Amount calculates to a negative number, the Recognized Loss Amount for that transaction will be zero.

## **ADDITIONAL PROVISIONS**

18.     The Net Settlement Fund will be allocated among all Authorized Claimants whose Distribution Amount (defined in ¶ 25 below) is $10.00 or greater.

19.     **Calculation of Claimant's "Recognized Claim":** A Claimant's "Recognized Claim" will be the sum of his, her, or its Recognized Loss Amounts as calculated above with respect to all purchases or acquisitions of publicly traded Evoqua common stock during the Class Period.

20.     **FIFO Matching:** If a Settlement Class Member has more than one purchase/acquisition or sale of Evoqua Shares during the Class Period, all purchases/acquisitions and sales shall be matched on a First In, First Out ("FIFO") basis. Class Period sales will be matched against purchases/acquisitions of Evoqua Shares, in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

21.     **"Purchase/Sale" Prices:** For the purposes of calculations under this Plan of Allocation, "purchase price" means the actual price paid, excluding all fees, taxes, and commissions, and "sale price" means the actual amount received, not deducting any fees, taxes, and commissions.

22.     **"Purchase/Sale" Dates:** Purchases, acquisitions, and sales of Evoqua Shares will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  However, the receipt or grant by gift, inheritance, or operation of law of Evoqua Shares during the Class Period shall not be deemed an eligible purchase, acquisition, or sale for the calculation of a Claimant's Recognized Loss Amount, nor shall the receipt or grant be deemed an assignment of any claim relating to the stock unless (i) the donor or decedent purchased or acquired the Evoqua Shares during the Class Period; (ii) the instrument of gift or assignment specifically provides that it is intended to transfer such rights; and (iii) no Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to those shares.

23.     **Short Sales:**  The date of covering a "short sale" is deemed to be the date of purchase of the Evoqua Shares. The date of a "short sale" is deemed to be the date of sale of the Evoqua Shares. In accordance with the Plan, however, the Recognized Loss Amount on "short sales" is zero.

24.     **Shares Purchased/Sold Through the Exercise of Options:** Option contracts to purchase or sell Evoqua Shares are not securities eligible to participate in the Settlement. With respect to Evoqua Shares purchased or sold through the exercise of an option, the purchase/sale

---

grounds for an appeal, a reversal was still unlikely.  *Cf.* Table B-5—U.S. Courts of Appeals Statistical Tables (Dec. 31, 2019), available at https://www.uscourts.gov/statistics/table/b-5/statistical-tables-federal-judiciary/2019/12/31 (noting that reversal rate for all civil appeals in the Second Circuit in 2019 was 9.4%).

date of the Evoqua Shares is the exercise date of the option, and the purchase/sale price is the exercise price of the option.

25. **Determination of Distribution Amount:** The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims. Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which will be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

26. If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

27. After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the Net Settlement Fund after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determine that it is cost-effective to do so, the Claims Administrator, no less than seven (7) months after the initial distribution, will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determine that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance will be contributed to non-sectarian, not-for-profit, 501(c)(3) organization(s), to be recommended by Lead Counsel and approved by the Court.

28. Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, will be conclusive against all Claimants. No person shall have any claim against Plaintiffs, Plaintiffs' Counsel, Plaintiffs' damages consultant, Defendants, Defendants' Counsel, or any of the other Releasees, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders.

## TABLE A

**Estimated Artificial Inflation Per Share with Respect to Publicly Traded Evoqua Common Stock ("Evoqua Shares") from November 1, 2017 through October 30, 2018**

| Date Range | Artificial Inflation Per Share |
|---|---|
| November 1, 2017 – May 7, 2018 | $8.59 |
| May 8, 2018 – August 6, 2018 | $6.96 |
| August 7, 2018 – October 29, 2018 | $4.95 |
| October 30, 2018 and later | $0.00 |

## TABLE B

**90-Day Look-Back Table for Evoqua Shares
(Average Closing Price: October 30, 2018 – January 25, 2019)**

| Sale Date | Average Closing Price from October 30, 2018 through Date | Sale Date | Average Closing Price from October 30, 2018 through Date |
|---|---|---|---|
| 10/30/2018 | $9.02 | 12/13/2018 | $9.37 |
| 10/31/2018 | $9.31 | 12/14/2018 | $9.38 |
| 11/1/2018 | $9.43 | 12/17/2018 | $9.39 |
| 11/2/2018 | $9.57 | 12/18/2018 | $9.39 |
| 11/5/2018 | $9.69 | 12/19/2018 | $9.39 |
| 11/6/2018 | $9.73 | 12/20/2018 | $9.39 |
| 11/7/2018 | $9.83 | 12/21/2018 | $9.38 |
| 11/8/2018 | $9.86 | 12/24/2018 | $9.38 |
| 11/9/2018 | $9.84 | 12/26/2018 | $9.38 |
| 11/12/2018 | $9.79 | 12/27/2018 | $9.39 |
| 11/13/2018 | $9.76 | 12/28/2018 | $9.40 |
| 11/14/2018 | $9.72 | 12/31/2018 | $9.41 |
| 11/15/2018 | $9.67 | 1/2/2019 | $9.42 |
| 11/16/2018 | $9.60 | 1/3/2019 | $9.42 |
| 11/19/2018 | $9.53 | 1/4/2019 | $9.43 |
| 11/20/2018 | $9.46 | 1/7/2019 | $9.44 |
| 11/21/2018 | $9.40 | 1/8/2019 | $9.44 |
| 11/23/2018 | $9.34 | 1/9/2019 | $9.45 |
| 11/26/2018 | $9.30 | 1/10/2019 | $9.46 |

| Sale Date | Average Closing Price from October 30, 2018 through Date | Sale Date | Average Closing Price from October 30, 2018 through Date |
|---|---|---|---|
| 11/27/2018 | $9.24 | 1/11/2019 | $9.47 |
| 11/28/2018 | $9.21 | 1/14/2019 | $9.48 |
| 11/29/2018 | $9.18 | 1/15/2019 | $9.48 |
| 11/30/2018 | $9.18 | 1/16/2019 | $9.49 |
| 12/3/2018 | $9.19 | 1/17/2019 | $9.49 |
| 12/4/2018 | $9.21 | 1/18/2019 | $9.51 |
| 12/6/2018 | $9.22 | 1/22/2019 | $9.52 |
| 12/7/2018 | $9.25 | 1/23/2019 | $9.53 |
| 12/10/2018 | $9.28 | 1/24/2019 | $9.54 |
| 12/11/2018 | $9.31 | 1/25/2019 | $9.56 |
| 12/12/2018 | $9.35 | | |

# EXHIBIT 2

Exhibit 2

***Evoqua Securities Litigation***
**Toll-Free Number:  1-855-569-5890**
**Email:  info@EvoquaSecuritiesLitigation.com**
**Website:  www.EvoquaSecuritiesLitigation.com**

# PROOF OF CLAIM AND RELEASE FORM

To be eligible to receive a share of the Net Settlement Fund in connection with the Settlement of this Action, you must complete and sign this Proof of Claim and Release Form ("Claim Form") and mail it by first-class mail to the address below, with supporting documentation, ***postmarked* no later than _____, 2021**.

## Mail to:

***Evoqua Securities Litigation***
**c/o A.D. Data, Ltd.**
**P.O. Box 170900**
**Milwaukee, WI 53217**

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to receive a payment from the Settlement.

**Do not mail or deliver your Claim Form to the Court, Lead Counsel, Defendants' Counsel, or any of the Parties to the Action.  Submit your Claim Form only to the Claims Administrator at the address set forth above.**

| TABLE OF CONTENTS | PAGE # |
|---|---|
| **PART I – CLAIMANT INFORMATION** | __ |
| **PART II – GENERAL INSTRUCTIONS** | __ |
| **PART III – SCHEDULE OF TRANSACTIONS IN EVOQUA COMMON STOCK**  (NYSE TICKER: AQUA, CUSIP: 30057T105) | __ |
| **PART IV – RELEASE OF CLAIMS AND SIGNATURE** | __ |

# PART I – CLAIMANT INFORMATION

The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above. Complete names of all persons and entities must be provided.

Beneficial Owner's Name
First Name                                                    Last Name

Joint Beneficial Owner's Name (*if applicable*)
First Name                                                    Last Name

If this claim is submitted for an IRA, and if you would like any check that you MAY be eligible to receive made payable to the IRA, please include "IRA" in the "Last Name" box above (*e.g.*, Jones IRA).

Entity Name (if the Beneficial Owner is not an individual)

Name of Representative, if applicable (*executor, administrator, trustee, c/o, etc.*), if different from Beneficial Owner

Last 4 digits of Social Security Number or Taxpayer Identification Number

Street Address

City                                                    State/Province    Zip Code

Foreign Postal Code (if applicable)              Foreign Country (if applicable)

Telephone Number (Day)                          Telephone Number (Evening)

Email Address (email address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim)

**Type of Beneficial Owner:**

Specify one of the following:

☐ Individual(s)        ☐ Corporation        ☐ UGMA Custodian        ☐ IRA

☐ Partnership        ☐ Estate        ☐ Trust        ☐ Other (describe: _____)

2

# PART II – GENERAL INSTRUCTIONS

1.     It is important that you completely read and understand the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Notice") that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set forth in the Notice. The Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court. The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form. By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

2.     This Claim Form is directed to **all persons who purchased or otherwise acquired publicly traded Evoqua common stock during the Class Period (from November 1, 2017 through October 30, 2018, inclusive) and were damaged thereby** ("Settlement Class"). Included in the Settlement Class are all persons and entities who purchased shares of Evoqua common stock on the open market and/or in or traceable to the November 1, 2017 Initial Public Offering ("IPO") and March 15, 2018 Secondary Public Offering ("SPO") during the Class Period.

3.     By submitting this Claim Form, you will be making a request to receive a payment from the Settlement described in the Notice. IF YOU ARE NOT A SETTLEMENT CLASS MEMBER (*see* the definition of the Settlement Class on page [__] of the Notice, which sets forth who is included in and who is excluded from the Settlement Class), OR IF YOU, OR SOMEONE ACTING ON YOUR BEHALF, SUBMITTED A REQUEST FOR EXCLUSION FROM THE SETTLEMENT CLASS, DO NOT SUBMIT A CLAIM FORM. **YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT IF YOU ARE NOT A SETTLEMENT CLASS MEMBER.** THUS, IF YOU ARE EXCLUDED FROM THE SETTLEMENT CLASS, ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

4.     **Submission of this Claim Form does not guarantee that you will be eligible to receive a payment from the Settlement. The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation as the Court approves.**

5.     Use the Schedule of Transactions in Part III of this Claim Form to supply all required details of your transaction(s) in, and holdings of, common stock of Evoqua Water Technologies Corp. ("Evoqua"). On this schedule, provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of Evoqua common stock (including free transfers and deliveries), whether such transactions resulted in a profit or a loss. **Failure to report all transaction and holding information during the requested time period may result in the rejection of your claim.**

6.     **Please note**: Only shares of publicly traded Evoqua common stock purchased during the Class Period (*i.e.*, from November 1, 2017 through October 30, 2018, inclusive) are eligible under the Settlement. However, sales of Evoqua common stock during the period from October 31, 2018 through and including the close of trading on May 28, 2021, will be used for purposes of calculating your claim under the Plan of Allocation. Therefore, in order for the Claims Administrator to be able to balance your claim, the requested purchase/acquisition and sale/disposition information during this period must also be provided.

7.     You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of Evoqua common stock as set forth in the Schedule of Transactions in Part III of this Claim Form.

Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement. The Parties and the Claims Administrator do not independently have information about your investments in Evoqua common stock. IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OF THE DOCUMENTS OR EQUIVALENT DOCUMENTS FROM YOUR BROKER. FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM. DO NOT SEND ORIGINAL DOCUMENTS. **Please keep a copy of all documents that you send to the Claims Administrator. Also, do not highlight any portion of the Claim Form or any supporting documents.**

8.	**Traceability of Evoqua Common Stock to Public Offerings in the Class Period.** Public offerings of Evoqua common stock occurred during the Class Period on or about (i) November 1, 2017 (the IPO); and (ii) March 15, 2018 (the SPO). Claimants who purchased shares of Evoqua common stock directly in one or both of the offerings, or who purchased shares "traceable" to one or both of those offerings (as opposed to generally on the open market) may be entitled to additional compensation under the Plan of Allocation. All Evoqua shares purchased from November 1, 2017 through March 14, 2018 are assumed to be traceable to the IPO. However, if you purchased shares of Evoqua common stock from March 15, 2018 through October 30, 2018 that were not purchased directly in the SPO but that you believe are specifically traceable to shares of Evoqua common stock that were issued in the IPO or SPO, you must submit documents with your Claim Form showing that the specific shares you purchased were shares issued in the IPO or SPO.

9.	Use Part I of this Claim Form entitled "CLAIMANT INFORMATION" to identify the beneficial owner(s) of the Evoqua common stock. The complete name(s) of the beneficial owner(s) must be entered. If you held the Evoqua common stock in your own name, you were the beneficial owner as well as the record owner. If, however, your shares of Evoqua common stock were registered in the name of a third party, such as a nominee or brokerage firm, you were the beneficial owner of the stock, but the third party was the record owner. The beneficial owner, not the record owner, must sign this Claim Form to be eligible to participate in the Settlement. If there were joint beneficial owners, each must sign this Claim Form and their names must appear as "Claimants" in Part I of this Claim Form.

10.	**One Claim should be submitted for each separate legal entity or separately managed account**. Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, an individual should not combine his or her IRA transactions with transactions made solely in the individual's name). Generally, a single Claim Form should be submitted on behalf of one legal entity including all holdings and transactions made by that entity on one Claim Form. However, if a single person or legal entity had multiple accounts that were separately managed, separate Claims may be submitted for each such account. The Claims Administrator reserves the right to request information on all the holdings and transactions in Evoqua common stock made on behalf of a single beneficial owner.

11.	Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

(a)	expressly state the capacity in which they are acting;

(b)	identify the name, account number, last four digits of the Social Security Number (or taxpayer identification number), address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Evoqua common stock; and

(c)	furnish herewith evidence of their authority to bind to the Claim Form the person or entity

on whose behalf they are acting. (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

12. By submitting a signed Claim Form, you will be swearing that you:

(a) own(ed) the Evoqua common stock you have listed in the Claim Form; or

(b) are expressly authorized to act on behalf of the owner thereof.

13. By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America. The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

14. If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after any appeals are resolved, and after the completion of all claims processing. The claims process will take substantial time to complete fully and fairly. Please be patient.

15. **PLEASE NOTE:** As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

16. If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, A.B. Data, Ltd., at the above address, by email at info@EvoquaSecuritiesLitigation.com, or by toll-free phone at 1-855-569-5890, or you can visit the Settlement website, www.EvoquaSecuritiesLitigation.com, where copies of the Claim Form and Notice are available for downloading.

17. NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. To obtain the *mandatory* electronic filing requirements and file layout, you may visit the Settlement website at www.EvoquaSecuritiesLitigation.com or you may email the Claims Administrator's electronic filing department at info@EvoquaSecuritiesLitigation.com. **Any file not in accordance with the required electronic filing format will be subject to rejection.** The *complete* name of the beneficial owner of the securities must be entered where called for (*see* ¶ 9 above). No electronic files will be considered to have been submitted unless the Claims Administrator issues an email to that effect. **Do not assume that your file has been received until you receive this email. If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at info@EvoquaSecuritiesLitigation.com to inquire about your file and confirm it was received.**

## IMPORTANT: PLEASE NOTE

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD. THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM WITHIN 60 DAYS OF YOUR SUBMISSION. IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, CONTACT THE CLAIMS ADMINISTRATOR TOLL FREE AT 1-855-569-5890.**

## PART III – SCHEDULE OF TRANSACTIONS IN EVOQUA COMMON STOCK

Use this section to provide information on your holdings and trading of Evoqua common stock (NYSE Ticker Symbol: **AQUA**, CUSIP: 30057T105) during the requested time periods. Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions, ¶ 7 above.

**1. PURCHASES/ACQUISITIONS FROM NOVEMBER 1, 2017 THROUGH OCTOBER 30 2018** – Separately list each and every purchase or acquisition (including free receipts) of Evoqua common stock from November 1, 2017 (including in the November 1, 2017 Initial Public Offering and in the March 15, 2018 Secondary Public Offering) through and including the close of trading on October 30, 2018. (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/Acquired | Purchase Price Per Share | Total Purchase Price (excluding any fees, commissions, and taxes) | Were the shares purchased in or traceable to the Nov. 2017 IPO or the March 2018 SPO? | Confirm Proof of Purchase Enclosed |
|---|---|---|---|---|---|
| /     / | | $ | $ | ☐ | ☐ |
| /     / | | $ | $ | ☐ | ☐ |
| /     / | | $ | $ | ☐ | ☐ |
| /     / | | $ | $ | ☐ | ☐ |

**2. PURCHASES/ACQUISITIONS FROM OCTOBER 31, 2018 THROUGH MAY 28, 2021** – State the total number of shares of Evoqua common stock purchased or acquired (including free receipts) from October 31 2018 through the close of trading on May 28, 2021. If none, write "zero" or "0."[1] _____

**3. SALES FROM NOVEMBER 2, 2017 THROUGH MAY 28, 2021** – Separately list each and every sale or disposition (including free deliveries) of Evoqua common stock from after the opening of trading on November 2, 2017 through and including the close of trading on May 28, 2021. (Must be documented.)

**IF NONE, CHECK HERE** ☐

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (not deducting any fees, commissions, and taxes) | Confirm Proof of Sale Enclosed |
|---|---|---|---|---|
| /     / | | $ | $ | ☐ |
| /     / | | $ | $ | ☐ |
| /     / | | $ | $ | ☐ |
| /     / | | $ | $ | ☐ |

---

[1] **Please note**: Information requested with respect to your purchases and acquisitions of Evoqua common stock from October 31, 2018 through the close of trading on May 28, 2021 is needed in order to balance your claim; purchases and acquisitions during this period, however, are not eligible under the Settlement and will not be used for purposes of calculating your Recognized Claim under the Plan of Allocation.

| 4. HOLDINGS AS OF MAY 28, 2021 – State the total number of shares of Evoqua common stock held as of the close of trading on May 28, 2021. (Must be documented.) If none, write "zero" or "0."<br><br>_____ | Confirm Proof of Position Enclosed<br><br>☐ |
| --- | --- |

**IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT. PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE. IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX.** ☐

## PART IV - RELEASE OF CLAIMS AND SIGNATURE

**YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE __ OF THIS CLAIM FORM.**

I (we) hereby acknowledge that, pursuant to the terms set forth in the Stipulation, without further action by anyone, upon the Effective Date of the Settlement, I (we), on behalf of myself (ourselves) and my (our) (the claimant(s)') heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against Defendants and the other Released Defendant Persons, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Released Defendant Persons.

## CERTIFICATION

By signing and submitting this Claim Form, the claimant(s) or the person(s) who represent(s) the claimant(s) agree(s) to the release above and certifies (certify) as follows:

1.    that I (we) have read and understand the contents of the Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation;

2.    that the claimant(s) is a (are) Settlement Class Member(s), as defined in the Notice, and is (are) not excluded by definition from the Settlement Class as set forth in the Notice;

3.    that the claimant(s) did ***not*** submit a request for exclusion from the Settlement Class;

4.    that I (we) own(ed) the Evoqua common stock identified in the Claim Form and have not assigned the claim against any of the Defendants or any of the other Released Defendant Persons to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

5.    that the claimant(s) has (have) not submitted any other claim covering the same purchases of Evoqua common stock and knows (know) of no other person having done so on the claimant's (claimants') behalf;

6.    that the claimant(s) submit(s) to the jurisdiction of the Court with respect to claimant's (claimants') claim and for purposes of enforcing the releases set forth herein;

7.    that I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator, or the Court may require;

8.    that the claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the determination by the Court of the validity or amount of this claim, and waives any right of appeal or review with respect to such determination;

9.    that I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

10.     that the claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (i) the claimant(s) is (are) exempt from backup withholding or (ii) the claimant(s) has (have) not been notified by the IRS that he, she, or it is subject to backup withholding as a result of a failure to report all interest or dividends or (iii) the IRS has notified the claimant(s) that he, she, or it is no longer subject to backup withholding.  **If the IRS has notified the claimant(s) that he, she, it, or they is (are) subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____
Signature of claimant                                                                                            Date

_____
Print claimant name here

_____
Signature of joint claimant, if any                                                                          Date

_____
Print joint claimant name here

***If the claimant is other than an individual, or is not the person completing this form, the following also must be provided:***

_____
Signature of person signing on behalf of claimant                                                Date

_____
Print name of person signing on behalf of claimant here

_____
Capacity of person signing on behalf of claimant, if other than an individual, *e.g.*, executor, president, trustee, custodian, etc.  (Must provide evidence of authority to act on behalf of claimant – see ¶ 11 on page [__] of this Claim Form.)

# REMINDER CHECKLIST

1. Sign the above release and certification. If this Claim Form is being made on behalf of joint claimants, then both must sign.

2. Attach only *copies* of acceptable supporting documentation as these documents will not be returned to you.

3. Do not highlight any portion of the Claim Form or any supporting documents.

4. Keep copies of the completed Claim Form and documentation for your own records.

5. The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days of your submission. Your claim is not deemed filed until you receive an acknowledgement postcard. **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll free at 1-855-569-5890.**

6. If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, you must send the Claims Administrator written notification of your new address. If you change your name, inform the Claims Administrator.

7. If you have any questions or concerns regarding your claim, contact the Claims Administrator at the address below, by email at info@EvoquaSecuritiesLitigation.com, or by toll-free phone at 1-855-569-5890, or you may visit www.EvoquaSecuritiesLitigation.com. DO NOT call Evoqua or its counsel with questions regarding your claim.

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL, *POSTMARKED* **NO LATER THAN _____, 2021,** ADDRESSED AS FOLLOWS:

*Evoqua Securities Litigation*
**c/o A.B. Data, Ltd.**
**P.O. Box 170900**
**Milwaukee, WI 53217**

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before _____, 2021 is indicated on the envelope and it is mailed First Class, and addressed in accordance with the above instructions. In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms. Please be patient and notify the Claims Administrator of any change of address.

# EXHIBIT 3

Exhibit 3

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Master File No. 1:18-cv-10320-JPC

IN RE EVOQUA WATER TECHNOLOGIES
CORP. SECURITIES LITIGATION

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND
PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING;
AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES**

**TO:** **All persons and entities who purchased or otherwise acquired the publicly traded
common stock of Evoqua Water Technologies Corp. ("Evoqua") during the period
from November 1, 2017 (the date of Evoqua's IPO) through October 30, 2018, inclusive
(the "Class Period") and were damaged thereby (the "Settlement Class"):[1]**

**PLEASE READ THIS NOTICE CAREFULLY, YOUR RIGHTS MAY BE AFFECTED BY
A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil
Procedure and an Order of the United States District Court for the Southern District of New York
(the "Court"), that the above-captioned litigation (the "Action") is pending in the Court.

YOU ARE ALSO NOTIFIED that Lead Plaintiffs Louisiana Sheriffs' Pension & Relief
Fund and City of Omaha Police & Fire Retirement System, and additional class representative City
of Hallandale Beach Police Officers' & Firefighters' Personnel Retirement Trust (collectively,
"Plaintiffs") have reached a proposed settlement of the Action for $16,650,000 in cash (the
"Settlement") on behalf of the Settlement Class, that, if approved, will resolve all claims in the
Action.

A hearing will be held on _____, 2021 at _:__ __.m. Eastern Time, before the
Honorable John P. Cronan either in person at the United States District Court for the Southern
District of New York, Courtroom 12D, 500 Pearl Street, New York, NY 10007, or by telephone
or videoconference (in the discretion of the Court).  At the hearing, the Court will determine
(i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii)
whether the Action should be dismissed with prejudice against Defendants, and the Releases
specified and described in the Stipulation and Agreement of Settlement dated May 28, 2021 (and

---

[1] Certain persons and entities are excluded from the Settlement Class by definition, as set forth in
the full printed Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement
Fairness Hearing; and (III) Motion for an Attorneys' Fees and Litigation Expenses (the "Notice").

in the Notice) should be granted; (iii) whether, for purposes of the proposed Settlement only, the Action should be certified as a class action on behalf of the Settlement Class, Plaintiffs should be certified as Class Representatives for the Settlement Class, and Lead Counsel should be appointed as class counsel for the Settlement Class; (iv) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (v) whether Lead Counsel's application for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved.

**If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund**. If you have not yet received the Notice and Claim Form, you may obtain copies of these documents by contacting the Claims Administrator at *Evoqua Securities Litigation*, c/o A.B. Data, Ltd., P.O. Box 170900, Milwaukee, WI 53217, 1-855-569-5890. Copies of the Notice and Claim Form can also be downloaded from the website maintained by the Claims Administrator, www.EvoquaSecuritiesLitigation.com

If you are a member of the Settlement Class, in order to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form ***postmarked (if mailed), or online, no later than _____, 2021***, in accordance with the instructions set forth in the Claim Form. If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement but you will nevertheless be bound by any releases, judgments, or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is ***received* no later than _____, 2021**, in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to share in the proceeds of the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, must be filed with the Court and delivered to Lead Counsel and Representative Defendants' Counsel such that they are ***received* no later than _____, 2021**, in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Clerk's office, Evoqua, the other Defendants, or their counsel regarding this notice. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to Lead Counsel or the Claims Administrator.**

Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel:

BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP
Jeremy P. Robinson, Esq.
1251 Avenue of the Americas, 44th Floor
New York, NY 10020
(800) 380-8496
settlements@blbglaw.com

SCOTT+SCOTT
ATTORNEYS AT LAW LLP
William C. Fredericks, Esq.
The Helmsley Building
230 Park Ave, 17th Floor
New York, NY 10169
(800) 404-7770
wfredericks@scott-scott.com

Requests for the Notice and Claim Form should be made to:

*Evoqua Securities Litigation*
c/o A.B. Data, Ltd.
P.O. Box 170900
Milwaukee, WI 53217

1-855-569-5890
www.EvoquaSecuritiesLitigation.com

By Order of the Court