UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE EVOQUA WATER TECHNOLOGIES CORP. SECURITIES LITIGATION

Master File No. 1:18-cv-10320-JPC

### [~~PROPOSED~~] ORDER AWARDING ATTORNEYS' FEES AND LITIGATION EXPENSES

This matter came on for hearing on November 1, 2021 (the "Settlement Hearing") on Lead Counsel's motion for attorneys' fees and Litigation Expenses (the "Motion"). The Court having considered all matters submitted to it at the Settlement Hearing (the "Hearing") and otherwise; and it appearing that notice of the Hearing substantially in the form approved by the Court was mailed to all Settlement Class Members who or which could be identified with reasonable effort, and that a summary notice of the Hearing substantially in the form approved by the Court was published in *Investor's Business Daily* and released over the *PR Newswire* pursuant to the specifications of the Court, and that copies of all papers filed by Lead Counsel in support of their Motion were timely posted on the Settlement Website in advance of the Hearing for review by any interested Settlement Class Members (as more fully described in the Notice); and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and Litigation Expenses requested,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated as of May 28, 2021 (ECF No. 133-1) (the "Stipulation") and all

capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2. The Court has jurisdiction to enter this Order and over the subject matter of the Action and all Parties to the Action, including all Settlement Class Members.

3. Notice of Lead Counsel's motion for attorneys' fees and Litigation Expenses was given to all Settlement Class Members who or which could be identified with reasonable effort. The form and method of notifying the Settlement Class of the motion for attorneys' fees and Litigation Expenses satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 77z-1, 78u-4, as amended, and all other applicable law and rules, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4. Lead Counsel are hereby awarded attorneys' fees in the amount of 25% of the Settlement Fund (including 25% of interest accrued thereon at the same rate as earned by the Settlement Fund) and $193,942.83 in payment of Lead Counsel's litigation expenses (which fees and expenses shall be paid from the Settlement Fund in accordance with and pursuant to the terms of the Stipulation).  Lead Counsel shall allocate the attorneys' fees awarded amongst Plaintiffs' Counsel in a manner which they, in good faith, believe reflects the contributions of such counsel to the institution, prosecution, and settlement of the Action.

5. In making this award of attorneys' fees and payment of Litigation Expenses from the Settlement Fund, the Court has considered and found that its award is fair and reasonable based on its review of the record, the relevant factors and considerations set forth in, *inter alia,*

*Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 47 (2d Cir. 2000) and *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 121 (2d Cir. 2005), and including the Court's specific findings that:

    A.    The Settlement has created a common fund of $16,650,000 in cash that has been funded into escrow pursuant to the terms of the Stipulation, and numerous Settlement Class Members who submit valid and timely Claim Forms will benefit from the Settlement as a result of the efforts of Plaintiffs' Counsel;

    B.    Copies of the Notice were mailed to over 24,000 potential Settlement Class Members and nominees stating that Lead Counsel would apply for attorneys' fees in an amount not to exceed 25% of the Settlement Fund and for Litigation Expenses in an amount not to exceed $375,000, and no objections to the requested attorneys' fees and Litigation Expenses were received;

    C.    Lead Counsel conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

    D.    The Action raised numerous complex issues and involved substantial risks, such that if Lead Counsel had not achieved the Settlement there would have remained significant risk that Plaintiffs and the other members of the Settlement Class would have recovered materially less than the Settlement Amount, or nothing at all, from Defendants;

    E.    Lead Counsel devoted over 13,000 hours, with a lodestar value of over $6,883,000, an amount which is materially *greater* than the equivalent of $4,162,500 (25% of the Settlement Fund), plus interest, that Lead Counsel have requested in their Motion;

    F.    Lead Counsel at all times litigated this Action on a fully contingent basis to achieve the Settlement, and have not received (and will not receive) any other compensation for their work beyond what they have requested in their Motion;

      G.    A percentage award of 25% of the Settlement Fund is consistent with awards in similarly complex class action cases brought under the federal securities, including those which have settled for an amount similar in size to the $16,650,000 settlement achieved here; and

      H.    The requested fee has been reviewed and approved as reasonable by Plaintiffs, each of which is an institutional investor;

6.    The Court further finds that an award of $193,942.83 from the Settlement Fund to Plaintiffs' Counsel for reimbursement of their Litigation Expenses is fair and reasonable, and that the amounts so reimbursed are reasonable in amount, and were incurred for costs and expenses that were of a type customarily reimbursed in cases of this type.

7.    Based on the Court's review of applicable case law and the declarations submitted by each of the three Plaintiffs, pursuant to 15 U.S.C. §78u-4(a)(4) the Court hereby awards from the Settlement Fund (a) Lead Plaintiff Louisiana Sheriffs' Pension & Relief Fund $1,500, (b) Lead Plaintiff City of Omaha Police & Fire Retirement System $15,900, and (c) Plaintiff City of Hallandale Beach Police Officers' & Firefighters' Personnel Retirement Trust $1,250, respectively, for their reasonable costs and expenses (including lost wages) directly related to its representation of the Settlement Class.

8.    Any appeal or any challenge affecting this Order approving any aspect of Lead Counsel's Motion for attorneys' fees and Litigation Expenses shall in no way disturb or affect the finality of the Judgment.

9.    Exclusive jurisdiction is hereby retained over the Parties and the Settlement Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order.

10. In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

11. There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

SO ORDERED this __1__ day of __November__, 2021.

_____
The Honorable John P. Cronan
United States District Judge